******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STEPHEN D. NELSON *v.* COMMISSIONER OF CORRECTION
## (SC 19830)

Rogers, C. J., and Palmer, Eveleigh, McDonald,
Espinosa, Robinson and Vertefeuille, Js.*

*Syllabus*

The petitioner, who had been convicted of various crimes, including kidnapping, in connection with his role in the abduction of an individual from his home, sought a writ of habeas corpus, claiming that he had received ineffective assistance of counsel at his two criminal trials. At the petitioner's first criminal trial, he was convicted of certain charges and sentenced to eighteen years. After the Appellate Court affirmed the judgment of conviction, the petitioner sought a reduction of his sentence with the sentence review division of the Superior Court pursuant to statute (§ 51-195), but the request was denied and his sentence was upheld. A second trial was held with respect to certain of the charges for which a mistrial had been declared in his first trial, and, after his conviction, he was sentenced to fifty-five years imprisonment, to be served concurrently with his eighteen year sentence. On appeal, the Appellate Court reversed in part the second judgment of conviction on double jeopardy grounds but affirmed the judgment in all other respects. The petitioner did not apply for sentence review in connection with the fifty-five year sentence. The petitioner then filed a petition for a writ of habeas corpus, alleging ineffective assistance of counsel at each of his underlying criminal trials. Thereafter, the habeas court granted the parties' joint motion for a stipulated judgment, pursuant to which the respondent agreed to the reinstatement of the petitioner's right to file an application with the sentence review division for a reduction of the fifty-five year sentence and the petitioner agreed to be foreclosed from filing any future civil actions challenging the judgments of conviction from his first and second criminal trials. Pursuant to the stipulated judgment, the remaining counts of the petitioner's pending habeas petition were to be stricken with prejudice. The petitioner thereafter filed an application for sentence review, in which he sought credit for his cooperation as a state's witness in a murder case. The sentence review division declined to modify the petitioner's fifty-five year sentence, explaining that it could not consider the petitioner's cooperation with the state because that cooperation did not occur until after the petitioner's sentencing in his second trial. The petitioner then brought the habeas action that is the subject of this appeal. The respondent moved to dismiss the action on the ground that it was barred by the terms of the stipulated judgment. The petitioner objected to the motion and filed a memorandum of law in which he challenged, for the first time, the validity of the stipulated judgment, claiming that it was invalid because the waiver of his rights was not knowing and voluntary due to the failure of counsel to inform him that the sentence review division would be unable to consider his cooperation with the state as a witness and that, as a result of seeking sentence review, the state would rescind its offer to promise to support a reduction in his fifty-five year sentence. The habeas court granted the respondent's motion to dismiss, and the petitioner, on the granting of certification, appealed. *Held* that the habeas court properly granted the respondent's motion to dismiss the habeas petition, the stipulated judgment having been a legally sufficient ground for dismissal: because the petitioner's habeas petition did not allege ineffective assistance predicated on counsel's failure to properly advise the petitioner regarding the waiver of his habeas rights under the stipulated judgment, or allege any other defect in the stipulated judgment, the habeas court properly declined to consider those issues in connection with the respondent's motion to dismiss; moreover, because a memorandum of law is not a proper vehicle for supplementing the factual allegations in a habeas petition, the habeas court was not required to consider the assertions contained in his memorandum of law in deciding the respondent's motion to dismiss, and this court rejected the petitioner's claim that habeas rights are not subject

to waiver, the petitioner having failed to persuade this court that a different rule applied to writs of habeas corpus than that which applied to both constitutional rights and appellate rights, both of which may be waived if the waiver represents the intentional relinquishment of a known right.

Argued February 23—officially released September 19, 2017

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Oliver, J.*, granted the respondent's motion to dismiss and rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed. *Affirmed.*

*Peter G. Billings*, for the appellant (petitioner).

*Jonathan M. Sousa*, special deputy assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Michael Proto*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PALMER, J. The petitioner, Stephen D. Nelson, filed this habeas action alleging that he had received ineffective assistance of counsel at two criminal jury trials, both of which resulted in convictions and lengthy prison sentences.[1] The respondent, the Commissioner of Correction, moved to dismiss the action pursuant to Practice Book § 23-29 (5),[2] based on the terms of a stipulated judgment, filed by the petitioner and the respondent in connection with a previous habeas action concerning the same two trials, that barred the petitioner from filing any further such actions pertaining to those trials. The habeas court granted that motion, and the petitioner appeals,[3] claiming that he did not knowingly and voluntarily enter into the stipulated judgment and, therefore, that the habeas court improperly granted the respondent's motion to dismiss. We conclude that the petitioner did not properly raise his challenge to the enforceability of the stipulated judgment in the habeas court and, further, that the stipulated judgment was a legally sufficient ground for dismissal of the present habeas action. We therefore affirm the judgment of the habeas court.

The record reveals the following undisputed facts and procedural history. The petitioner was charged with two counts each of kidnapping in the first degree, robbery in the first degree, and burglary in the first degree, and with one count each of conspiracy to commit robbery in the first degree, assault in the first degree, and larceny in the first degree after he and an accomplice allegedly broke into a Wethersfield home and proceeded to assault, rob and kidnap the occupant. Following a jury trial, the petitioner was found guilty of conspiracy to commit robbery in the first degree and not guilty of larceny in the first degree. The jury was unable to reach a verdict on the remaining charges, however, and the trial court, *Vitale, J.*, declared a mistrial with respect to those charges. The court thereafter rendered judgment of conviction and sentenced the petitioner to a term of imprisonment of eighteen years, and, on appeal, the Appellate Court affirmed the judgment of the trial court. See *State* v. *Nelson*, 105 Conn. App. 393, 418, 937 A.2d 1249, cert. denied, 286 Conn. 913, 944 A.2d 983 (2008). The petitioner then filed a timely application under General Statutes § 51-195[4] with the sentence review division of the Superior Court,[5] seeking a reduction of his sentence. The sentence review division, however, denied the petitioner's request and upheld his sentence. See *State* v. *Nelson*, Superior Court, judicial district of New Britain, Docket No. CR-05-220383-A, 2008 WL 2746485 (June 24, 2008).

The petitioner subsequently was retried on certain of the charges for which a mistrial had been declared in his first trial, and the jury found him guilty of the kidnapping, assault, and burglary charges.[6] The trial

court, *D'Addabbo, J.*, sentenced the petitioner to fifty-five years incarceration, to run concurrently with the eighteen year sentence that had been imposed following the petitioner's first trial. On appeal, the Appellate Court reversed the trial court's judgment in part on double jeopardy grounds, remanding the case to the trial court with direction to merge the petitioner's two kidnapping convictions and to vacate the sentence imposed for the conviction of one of those counts. See *State* v. *Nelson*, 118 Conn. App. 831, 853–54, 862, 986 A.2d 311, cert. denied, 295 Conn. 911, 989 A.2d 1074 (2010). The Appellate Court affirmed the judgment in all other respects. Id., 833–34. The petitioner failed to apply for sentence review within thirty days, as required by § 51-195.

In addition to his direct appeals from the judgments of conviction that were rendered following his two trials, the petitioner filed two separate habeas petitions as a self-represented party, one on August 6, 2007, and a second petition on April 16, 2008. The two actions were consolidated, and, on April 8, 2011, the petitioner's then newly appointed counsel filed an amended petition alleging ineffective assistance of counsel at both of the underlying criminal trials. Thereafter, the petitioner and the respondent jointly moved for a stipulated judgment, and the habeas court granted the parties' motion. Under that stipulated judgment, the respondent agreed to the reinstatement of the petitioner's right to file an application with the sentence review division for a reduction of the fifty-five year term of imprisonment that the petitioner received following his second trial. For his part, the petitioner agreed to be foreclosed from filing any future civil actions challenging the judgments of conviction arising out of his first and second trials and, further, that the remaining counts of the then pending habeas petition were to be stricken with prejudice.[7]

Thereafter, consistent with the terms of the stipulated judgment, the petitioner filed an application for sentence review pursuant to § 51-195, seeking a reduction of his fifty-five year term of imprisonment. In his application, the petitioner sought credit for his cooperation as a state's witness in a murder case, cooperation that had occurred following the imposition of the fifty-five year sentence. Again, however, the sentence review division declined to modify the petitioner's sentence. See *State* v. *Nelson*, Superior Court, judicial district of New Britain, Docket No. CR-05-220383-A (November 2, 2012) (54 Conn. L. Rptr. 904). In reaching its decision, the sentence review division explained that it could not lawfully consider the petitioner's cooperation with the state because that cooperation did not take place until after the petitioner's sentencing, and, therefore, the sentencing court could not have known about it. *State* v. *Nelson*, supra, 54 Conn. L. Rptr. 905; see General Statutes § 51-196 (a) ("[t]he review division . . . may order such different sentence or sentences to be imposed *as could have been imposed at the time of the imposition*

*of the sentence* under review" [emphasis added]).

Several months later, on February 14, 2013, the petitioner brought the present habeas action, once again alleging various deficiencies in the underlying judgments of conviction. Subsequently, on August 26, 2015, the respondent moved to dismiss the action under Practice Book § 23-29 (5), on the ground that it was barred by the plain terms of the stipulated judgment. The petitioner objected to the motion and filed a memorandum of law challenging, for the first time, the validity of the stipulated judgment.

In that memorandum of law, the petitioner explained that, while his previous habeas petitions were pending, he had testified as a state's witness in a murder trial in exchange for the state's promise to support a modification of his sentence from a fifty-five year term of imprisonment to one of thirty years. See General Statutes § 53a-39 (b) (providing that sentencing court may modify sentence for "good cause shown" at "[a]ny time during the period of a definite sentence of more than three years, upon agreement of the defendant and the state's attorney to seek review of the sentence"); *State* v. *Dupas*, 291 Conn. 778, 781–82, 970 A.2d 102 (2009) (trial court properly considered defendant's postconviction testimony against codefendants pursuant to modification agreement by state and defendant under § 53a-39). The petitioner further explained that, after his testimony on behalf of the state in that murder case, he had agreed to the stipulated judgment, resolving the consolidated habeas petitions in the belief that he would be able to obtain the agreed on sentence reduction by way of his application to the sentence review division for a sentence modification. According to the petitioner, however, the state, upon learning that he had sought sentence review by the sentence review division, rescinded its promise to support a reduction of his prison sentence from fifty-five years to thirty years.

The petitioner further claimed that he would not have agreed to the stipulated judgment if he had known either (1) that seeking a sentence modification in the sentence review division, rather than a reduction of his sentence in the trial court, would cause the state to rescind its promise to him, or (2) that the sentence review division would be unable to consider his cooperation with the state as a witness in the murder trial. He blamed his ignorance of these facts on the allegedly ineffective assistance that he received from the two attorneys working simultaneously on his case—one representing him in pursuing a sentence reduction under § 53a-39 (b) and the other representing him in connection with the habeas petition that ultimately was resolved by the stipulated judgment.

Notwithstanding these assertions, the habeas court, *Oliver, J.*, granted the respondent's motion to dismiss the present action, explaining, in response to the peti-

tioner's subsequent motion for articulation, that, "in exchange and for the consideration of the restoration of his right to file an application for sentence review, [the petitioner] agreed that he is foreclosed from future civil litigation challenging the convictions related to [the instant habeas petition]." The court did not address the petitioner's argument—raised solely in his memorandum of law in opposition to the respondent's motion to dismiss—that the stipulated judgment was invalid because the waiver of his rights contained therein was not knowing and voluntary due to the failure of counsel to inform him of the apparent consequences of entering into the stipulated judgment, in particular, that the sentence review division would not consider a reduction of his sentence based on his cooperation with the state.

On appeal, the petitioner claims that the habeas court, in ruling on the respondent's motion to dismiss, should have construed his memorandum of law and the facts asserted therein in the light most favorable to the petitioner, just as it would have construed the facts alleged in the habeas petition. The respondent contends that the habeas court properly dismissed the action in accordance with the express terms of the stipulated judgment because the petitioner's challenge to the validity of that judgment, which the petitioner raised for the first and only time in his memorandum of law, should have been raised in the petition itself and, therefore, was not properly before the habeas court on the respondent's motion to dismiss. We agree with the respondent.

It is well established that, when a habeas court considers a motion to dismiss a petition for a writ of habeas corpus, "[t]he evidence offered by the [petitioner] is to be taken as true and interpreted in the light most favorable to [the petitioner], and every reasonable inference is to be drawn in [the petitioner's] favor." (Internal quotation marks omitted.) *Ham* v. *Commissioner of Correction*, 152 Conn. App. 212, 223–24, 98 A.2d 81, cert. denied, 314 Conn. 932, 102 A.3d 83 (2014); see also *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 739, 937 A.29 656 (2007). It is equally well settled that "[t]he petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action . . . [and it] is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Internal quotation marks omitted.) *Thiersaint* v. *Commissioner of Correction*, 316 Conn. 89, 125, 111 A.3d 829 (2015). Thus, "[w]hile the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. . . . The purpose of the [petition] is to put the [respondent] on notice of the claims made, to limit the issues to be decided, and to prevent surprise." (Internal quotation marks omitted.) *Newland* v. *Commissioner of Correc-*

*tion*, 322 Conn. 664, 678, 142 A.3d 1095 (2016). In the present case, it is undisputed that the petitioner's habeas petition did not allege ineffective assistance predicated on counsel's failure to properly advise the petitioner regarding the waiver of his habeas rights under the stipulated judgment, nor did the petition allege any other defect in the stipulated judgment. As a result, the habeas court properly declined to consider those issues in connection with the respondent's motion to dismiss.

We disagree with the petitioner that the assertions contained in his memorandum of law were on equal footing with the allegations contained in the habeas petition and, therefore, should have been taken as true and viewed in the light most favorable to the petitioner. It is clear that a memorandum of law is not a proper vehicle for supplementing the factual allegations in a complaint; see, e.g., Practice Book § 10-31 (party responding to motion to dismiss shall have thirty days to file "a memorandum of law in opposition *and, where appropriate, supporting affidavits as to facts not apparent on the record*" [emphasis added]); *Connecticut Independent Utility Workers, Local 12924* v. *Dept. of Public Utility Control*, 312 Conn. 265, 281, 92 A.3d 247 (2014) ("[T]o the extent that the plaintiffs contend that memoranda of law or exhibits submitted to the trial court cured any potential deficiencies in their allegations, they are mistaken. . . . Memoranda of law are not pleadings."); see also *Morgan Distributing Co.* v. *Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss" [internal quotation marks omitted]), quoting *Car Carriers, Inc.* v. *Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), cert. denied, 470 U.S. 1054, 105 S. Ct. 1758, 84 L. Ed. 2d 821 (1985); *In re Colonial Ltd. Partnership Litigation*, 854 F. Supp. 64, 79 (D. Conn. 1994) ("the new allegations introduced by [a plaintiff] in [his] [m]emorandum of [l]aw in [o]pposition to [a motion to dismiss] . . . are not properly before the court on [such] a motion"); and we do not believe that a different rule should pertain to habeas petitions. See *Kendall* v. *Commissioner of Correction*, 162 Conn. App. 23, 45, 130 A.3d 268 (2015) ("[a] habeas corpus action, as a variant of civil actions, is subject to the ordinary rules of civil procedure, unless superseded by the more specific rules pertaining to habeas actions").

In reaching our decision, we are mindful that, although the petitioner filed the present habeas petition as a self-represented party on February 14, 2013, he was represented by counsel as of June 14, 2013, more than two years before the respondent, on August 26, 2015, filed the motion to dismiss that is the subject of this appeal. Furthermore, under Practice Book § 23-32,[8] the petitioner was entitled to amend his petition "at any time prior to the filing of the return" on September

11, 2015, or for good cause thereafter.[9] Accordingly, even after the respondent filed the motion to dismiss, the petitioner had two weeks in which to amend his habeas petition as of right to include a claim challenging the enforceability of the stipulated judgment, but he failed to do so.[10] Instead, the petitioner raised the issue only in his memorandum of law responding to the motion to dismiss.[11] As we have explained, however, the habeas court properly declined to look beyond the allegations in the habeas petition in deciding the motion to dismiss; see *Newland* v. *Commissioner of Correction*, supra, 322 Conn. 678; and, accordingly, the petitioner cannot prevail on his claim that the habeas court was required to consider the assertions contained in the petitioner's memorandum of law related to the stipulated judgment.[12]

The petitioner nonetheless contends that, under *Fine* v. *Commissioner of Correction*, 147 Conn. App. 136, 81 A.3d 1209 (2013), the respondent was required to make an affirmative showing that the petitioner knowingly and voluntarily waived his right to future habeas relief under the stipulated judgment and that the respondent failed to make such a showing in the present case. In light of the plain terms of the stipulated judgment, however, we disagree that *Fine* imposes such a burden in this case.

In *Fine*, the respondent moved to dismiss a petition for a writ of habeas corpus on the ground that the petitioner, Paul Fine, had withdrawn a prior petition involving identical allegations of ineffective assistance of counsel "with prejudice," thereby waiving his right to pursue the claims contained in the petition in any future habeas action. Id., 137–38, 141. The habeas court granted the motion, but the Appellate Court reversed, concluding that the respondent had failed to make "an affirmative showing that, at the time of the withdrawal, the petitioner was apprised of and understood the right being waived and the consequences of his waiver." Id., 147–48. The court noted that the respondent had failed to introduce a transcript of the relevant proceedings, that the petitioner's prior counsel was not called as a witness, that the parties offered conflicting testimony regarding the proceedings, and, crucially, that even the withdrawal form did not indicate that a withdrawal with prejudice had occurred. Id., 146–47. Thus, the court in *Fine* was required to determine, on the basis of a murky record and in the face of contradictory testimony, whether there was sufficient evidence of record to support even a prima facie showing that the petitioner had knowingly and voluntarily waived his right to future habeas relief in a prior proceeding. By contrast, the nature of the decision of the prior habeas court in the present case was clearly set forth in the stipulated judgment and is not disputed: the parties agree that the prior judgment by its terms barred further habeas actions relating to the petitioner's two trials. See *Doe* v. *Roe*, 246

Conn. 652, 664–65 n.22, 717 A.2d 706 (1998) (stipulated judgment is "a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction . . . [and] is binding to the same degree as a judgment obtained through litigation" [citation omitted; internal quotation marks omitted]). Consequently, *Fine*, a case involving a purported agreement of highly uncertain terms, is readily distinguishable from the present case.[13]

Finally, we reject the petitioner's argument that habeas rights simply are not subject to waiver at all. This court has concluded that both constitutional rights; see *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 71, 967 A.2d 41 (2009); and appellate rights; see *Molinas* v. *Commissioner of Correction*, 231 Conn. 514, 523–24, 652 A.2d 481 (1994); may be waived, if the waiver represents the intentional relinquishment of a known right. Furthermore, the Appellate Court has held that a habeas court may accept the withdrawal of a habeas petition "with prejudice," allowing the petitioner to waive any future habeas rights, as long as the withdrawal is knowing, voluntary, and intelligent. See *Mozell* v. *Commissioner of Correction*, 147 Conn. App. 748, 758 and n.10, 83 A.3d 1174, cert. denied, 311 Conn. 928, 86 A.3d 1057 (2014); see also *Fine* v. *Commissioner of Correction*, supra, 147 Conn. App. 147 n.2 ("we see no need to foreclose the possibility that, prior to trial, a petitioner may withdraw a habeas petition with prejudice, perhaps after having reached a mutually satisfactory agreement with the respondent"). Indeed, in other jurisdictions, such collateral attack waivers are enforceable as a general rule. See, e.g., *United States* v. *Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary"); *Frederick* v. *Warden*, 308 F.3d 192, 195 (2d Cir. 2002) ("[t]here is no general bar to a waiver of collateral attack rights in a plea agreement"), cert. denied sub nom. *Frederick* v. *Romine*, 537 U.S. 1146, 123 S. Ct. 946, 154 L. Ed. 2d 847 (2003); *Jones* v. *United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (waivers of collateral attack rights are generally enforceable, except with respect to claims relating directly to negotiation of waiver in question). The undisputed importance of the writ of habeas corpus notwithstanding; see *Lozada* v. *Warden*, 223 Conn. 834, 840, 613 A.2d 818 (1992) ("the principal purpose of the writ of habeas corpus is to serve as a bulwark against convictions that violate fundamental fairness" [internal quotation marks omitted]); the petitioner has not persuaded us that a different rule should apply to such writs in this state.

In sum, in order to forestall dismissal of his habeas petition on the basis of the prior stipulated judgment, the petitioner, at any time before the filing of the return on September 11, 2015, or by permission of the court thereafter; see Practice Book § 23-32; could have

amended his habeas petition to allege ineffective assistance of counsel predicated on counsel's failure to properly advise him regarding his waiver of habeas rights under the stipulated judgment. Indeed, as the respondent essentially conceded at oral argument, had the petitioner done so, the petition would not have been subject to dismissal because the amended petition would have raised a genuine issue of fact as to whether the stipulated judgment constituted a legally sufficient ground for dismissal under Practice Book § 23-29 (5). Because the petitioner failed to make this amendment, however, the habeas court properly granted the respondent's motion to dismiss the petition. As a consequence, the petitioner will have to file a new petition properly alleging ineffective assistance of habeas counsel in connection with the prior proceedings.[14]

The judgment is affirmed.

In this opinion the other justices concurred.

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

[1] In addition to ineffective assistance of counsel, the petitioner alleged that the jury instructions were improper and that certain of the state's evidence was acquired in violation of his fourth amendment right against unreasonable searches and seizures.

[2] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition . . . if it determines that . . . (5) any . . . legally sufficient ground for dismissal of the petition exists."

[3] The habeas court granted the petitioner's petition for certification to appeal, and the petitioner appealed to the Appellate Court. We transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[4] General Statutes § 51-195 provides in relevant part: "Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed . . . file with the clerk of the court . . . an application for review of the sentence by the review division. . . ."

[5] "In contrast to Practice Book § 43-22, [which establishes the procedure for the correction of an illegal sentence] the relief of the legislation creating the sentence review division is to afford *properly* sentenced and convicted persons a limited appeal for a reconsideration of their sentence . . . rather than an avenue to correct an illegally imposed sentence. The sentence review division offers defendants an optional, de novo hearing as to the punishment to be imposed. . . . The purpose of the legislation was to create a forum in which to equalize the penalties imposed on similar offenders for similar offenses." (Emphasis in original; internal quotation marks omitted.) *State* v. *Casiano*, 282 Conn. 614, 626–27 n.16, 922 A.2d 1065 (2007); see also Practice Book § 43-28 ("[t]he review division shall review the sentence imposed and determine whether the sentence should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative, and denunciatory purposes for which the sentence was intended").

[6] The petitioner apparently was not retried on the two counts of robbery in the first degree.

[7] The stipulated judgment provides in relevant part: "[T]he [respondent] agrees to stipulate to judgment to reinstate the [p]etitioner's right to file an application for sentence review as to the February 16, 2007 sentence rendered by the [c]ourt, *D'Addabbo, J.*, in [t]rial [two]. Such application must be filed within thirty . . . days of the [o]rder entering this [s]tipulated [j]udgment. In exchange for the restoration of such rights, the [p]etitioner hereby agrees that he is foreclosed from further civil litigation challenging his convictions, which he places into issue in the cases consolidated under Docket No. CV-08-4002367, that all other counts contained in the [a]mended

[p]etition shall be stricken with prejudice and that judgment shall enter in accordance with this stipulation."

[8] Practice Book § 23-32 provides: "The petitioner may amend the petition at any time prior to the filing of the return. Following the return, any pleading may be amended with leave of the judicial authority for good cause shown."

[9] We have also found claims of ineffective assistance of counsel to be adequately pleaded in the petitioner's reply; see Practice Book § 23-31; *Carpenter* v. *Commissioner of Correction*, 274 Conn. 834, 844–45, 878 A.2d 1088 (2005); but we have "emphasize[d] . . . that it is the better practice for habeas counsel to raise all ineffective assistance of counsel claims in the petition." *Carpenter* v. *Commissioner of Correction*, supra, 845. Although, in the present case, the habeas court entered a decision on the motion to dismiss before the expiration of the thirty days allotted for filing a reply; see Practice Book § 23-35; the petitioner has not alleged that the habeas court did so improperly.

[10] The petitioner states that he was "not afforded" the opportunity to file an amended petition but fails to explain why he was unable to file such an amendment as of right under Practice Book § 23-32. Indeed, the record indicates; see footnote 11 of this opinion; that counsel for the petitioner filed a motion alluding to problems with the stipulated judgment more than one year before the respondent filed a motion to dismiss but failed to renew or follow up on that motion.

[11] On May 27, 2014, the petitioner did request a pretrial conference, in part to present information that "could potentially invalidate the stipulation agreement," and the habeas court granted the motion, scheduling a conference for August 21, 2014. There is no record of the pretrial conference, however, and the petitioner failed to renew his request at any time before or after the respondent filed his motion to dismiss one year later, on August 26, 2015. Indeed, in his memorandum of law in opposition to the respondent's motion to dismiss, the petitioner affirmatively opted against requesting a hearing to present argument or testimony.

[12] Although the petitioner sought an articulation of the court's judgment, he did not request that the court clarify its position regarding the validity of the stipulated judgment. Because the habeas court never addressed the arguments in the petitioner's memorandum of law, we also agree with the respondent's contention that the record would be inadequate for us to review the petitioner's challenges to the stipulated judgment, even if there were no other procedural bar to our doing so. See *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 580, 941 A.2d 248 (2008) ("[t]his court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled [on] and decided by the court adversely to the [petitioner's] claim" [internal quotation marks omitted]); see also Practice Book § 60-5.

[13] To conclude otherwise might well risk according a stipulated judgment less weight than other judgments rendered by the Superior Court. See *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 132, 74 A.3d 1225 (2013) ("[t]he general rule that a judgment, rendered by a court with jurisdiction, is presumed to be valid and not clearly erroneous until so demonstrated raises a presumption that the rendering court acted only after due consideration, in conformity with the law and in accordance with its duty" [internal quotation marks omitted]).

[14] We note that, on November 5, 2015, shortly after the habeas court in the present case granted the respondent's motion to dismiss, the petitioner filed a separate habeas petition challenging the validity of the stipulated judgment. This petition was not cited by either party in his brief before this court, however, and it appears that the petition never progressed beyond a November 12, 2015 scheduling order. See *Nelson* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-15-4007626-S.

---