******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STEPHEN NELSON *v.* COMMISSIONER
## OF CORRECTION
### (AC 44294)

Elgo, Suarez and Clark, Js.

*Syllabus*

The petitioner, who had been convicted of several crimes after two trials, sought a writ of habeas corpus, claiming that he received ineffective assistance from counsel, F and R, who represented him in posttrial proceedings to reduce his sentences. The petitioner had been sentenced to eighteen years of incarceration after the first trial, in which a mistrial was declared as to certain charges on which the jury was unable to reach agreement. The Sentence Review Division of the Superior Court thereafter denied the petitioner's application for a sentence reduction. The petitioner was then retried and convicted of the charges on which the jury previously had failed to reach a verdict and was sentenced to fifty-five years of incarceration to run concurrently with the sentence in his first trial. At about the time of the second trial and after the petitioner had cooperated with the state in conjunction with two murder trials, F represented him in discussions that led to an agreement with the state under which it would not oppose a sentence modification hearing as to the fifty-five year term of imprisonment. The modification hearing did not result in a sentence reduction. Thereafter, F discussed with the petitioner the possibility of applying for a review of the fifty-five year sentence, even though the deadline for such an application had expired. The petitioner then filed petitions for a writ of habeas corpus, which were consolidated before several counts were dismissed by the habeas court. R, the petitioner's habeas counsel, then negotiated an agreement with the respondent Commissioner of Correction to file a joint motion for a stipulated judgment under which the petitioner's right to apply with the Sentence Review Division for a reduction of the fifty-five year term of imprisonment was reinstated, and the petitioner would be foreclosed from filing any future civil actions challenging the judgments of conviction from his two trials and the remaining counts of his habeas petition would be stricken with prejudice. F represented the petitioner at the review proceeding after the petitioner's rights to sentence review were restored. The Sentence Review Division affirmed the petitioner's sentence, noting that it could not consider the petitioner's cooperation with the state because the sentencing court had not considered it when it sentenced the petitioner. In the present habeas petition, the petitioner alleged, inter alia, that F rendered ineffective assistance in advising him to pursue sentence review and failing to consult with R about the stipulation. The petitioner further claimed that R rendered ineffective assistance because he had not investigated and consulted with F to determine the basis for the stipulation before advising the petitioner to forgo his habeas corpus rights in exchange for sentence review. The habeas court denied the petition, concluding that neither F nor R rendered ineffective assistance, and that the petitioner's withdrawal with prejudice of the prior habeas petition was knowing and voluntary. Thereafter, the court granted the petitioner certification to appeal. *Held* that the habeas court properly denied the petition for a writ of habeas corpus: R informed the petitioner that the remaining claims in his consolidated habeas petition were weak and that sentence review might afford him relief from the fifty-five year sentence, F and R individually counseled the petitioner in separate and distinct capacities in the respective proceedings, and R believed that the petitioner comprehended the consequences of entering into the stipulated judgment, including his waiver of habeas corpus rights arising out of his convictions; moreover, the petitioner's claim that his withdrawal of his habeas corpus petition was not knowing or voluntary was unavailing, R having spent approximately one hour with him discussing the six page motion for the stipulated judgment and answering his questions before the petitioner signed the document; furthermore, the habeas court found R's testimony to be more credible than the petitioner's, and this court

was bound by those credibility determinations, as it is the habeas court that sits as the trier of fact.

Argued October 18—officially released November 30, 2021

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Bhatt, J.*, rendered judgment denying the petition; thereafter, the court granted the petition for certification to appeal, and the petitioner appealed to this court. *Affirmed.*

*Peter G. Billings*, assigned counsel, with whom, on the brief, was *Stephanie K. Toronto*, assigned counsel, for the appellant (petitioner).

*Samantha L. Oden*, former deputy assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Michael Proto*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Stephen Nelson, has filed numerous direct and habeas corpus appeals arising from his convictions for crimes committed on January 22, 2005. He now appeals from the judgment of the habeas court, *Bhatt, J.*, denying his amended petition for a writ of habeas corpus. He claims that the habeas court erred by determining (1) that habeas counsel's performance was not deficient and (2) that his withdrawal with prejudice of a prior habeas corpus petition was knowing and voluntary. We affirm the judgment of the habeas court.

The following facts and lengthy procedural history are relevant to our resolution of the present appeal. The petitioner was arrested and charged with numerous crimes for an incident in which he was involved on January 22, 2005. *State* v. *Nelson*, 105 Conn. App. 393, 396–97, 937 A.2d 1249 (*Nelson I*), cert. denied, 286 Conn. 913, 944 A.2d 983 (2008). At trial, the petitioner was represented by Attorney Claud Chong. Following the presentation of evidence, the jury found the petitioner guilty of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-134 (a), and not guilty of one of the other charges. Id. Members of the jury, however, were unable to reach a unanimous verdict on the remaining charges. The court, *Vitale, J.*, sentenced the petitioner to eighteen years of incarceration. The conviction was upheld on appeal to this court; id., 418; and our Supreme Court denied certification to appeal. See *State* v. *Nelson*, 286 Conn. 913, 944 A.2d 983 (2008).

The petitioner filed an application with the Sentence Review Division of the Superior Court, seeking to have his eighteen year sentence reduced. The Sentence Review Division denied the petitioner's request. See *State* v. *Nelson*, Superior Court, judicial district of New Britain, Docket No. CR-05-220383 (June 24, 2008).

In December, 2006, the state retried the petitioner on the charges on which the jury failed to reach a verdict in *Nelson I*: two counts of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) and (B), two counts of burglary in the first degree in violation of General Statutes (Rev. to 2005) § 53a-101 (a) (1) and (2), and assault in the first degree in violation of General Statutes § 53a-59 (a) (1). *State* v. *Nelson*, 118 Conn. App. 831, 833, 986 A.2d 311 (*Nelson II*), cert. denied, 295 Conn. 911, 989 A.2d 1074 (2010). The petitioner elected to represent himself with Chong as standby counsel. Id., 837. The jury found the petitioner guilty of all counts, and the court, *D'Addabbo, J.*, sentenced the petitioner to a total effective term of fifty-five years of incarceration concurrent with the sentence he received in *Nelson I*. Id., 833 n.1.

At about the time of the trial in *Nelson II*, the peti-

tioner cooperated with the state in conjunction with two murder trials. As a result of his cooperation and following his conviction in *Nelson II*, the petitioner engaged in discussions with the state about a possible modification of the sentence he received in *Nelson II*. Attorney Donald Freeman represented him during those discussions. As a result of those discussions, the state agreed to not oppose a sentence modification hearing for the petitioner but not to a specific sentence reduction. The modification hearing did not result in a reduction of the petitioner's sentence.

The petitioner subsequently filed an appeal from his *Nelson II* convictions. See id., 833. This court agreed with a double jeopardy claim the petitioner asserted and remanded the case to the trial court with direction to merge the two kidnapping convictions and to vacate the sentence imposed on one of them; id., 853–56; but affirmed the judgment in all other respects. Id., 862. On remand, the petitioner was resentenced to fifty-five years of incarceration. He did not seek a timely review of that sentence, thus waiving his right to sentence review.

The self-represented petitioner then filed two petitions for a writ of habeas corpus. *Nelson* v. *Commissioner of Correction*, 326 Conn. 772, 777, 167 A.3d 952 (2017). The petitions were consolidated, and Attorney David Rimmer filed an amended petition containing multiple counts. Id. The habeas court, *Schuman, J.*, dismissed four of those counts. Rimmer believed that the remaining habeas claims, although not frivolous, were weak. Meanwhile, Freeman had discussed with the petitioner the possibility of applying for a sentence review in *Nelson II* even though the deadline for making such an application had expired. Rimmer informed the petitioner of his assessment of his habeas claims and worked to accomplish a more favorable outcome through negotiations with counsel for the respondent, the Commissioner of Correction. As a result of those negotiations, on December 1, 2011, the petitioner, Rimmer, and the respondent's counsel signed a motion for a stipulated judgment and filed it with the court clerk. "Under that stipulated judgment, the respondent agreed to the reinstatement of the petitioner's right to file an application with the Sentence Review Division for a reduction of the fifty-five year term of imprisonment that the petitioner received following [*Nelson II*]. For his part, the petitioner agreed to be foreclosed from filing any future civil actions challenging the judgments of conviction arising out of [*Nelson I* and *Nelson II*], and further, that the remaining counts of the then pending habeas petition were to be stricken with prejudice." Id., 777; see also id., 777 n.7. On December 6, 2011, the court, *Newson, J.*, took the papers on the motion for a stipulated judgment and issued an order granting it. See id., 777.

Freeman represented the petitioner at the review proceeding after the petitioner's rights to sentence review were restored pursuant to the stipulated judgment. At the sentence review hearing, Freeman and the petitioner argued for a reduction of the fifty-five year sentence. Although they principally argued that the victim of the petitioner's crimes was not murdered and did not suffer paralysis and, therefore, that the petitioner's sentence was disproportionately severe compared with sentences in other comparable cases, they also argued that the petitioner had cooperated with the state by testifying in two homicide trials. A member of the review panel asked whether the petitioner's cooperation occurred before or after the *Nelson II* trial and sentencing. Freeman informed the panel that the petitioner cooperated with the state prior to sentencing but that he did not testify until after he was sentenced. The Sentence Review Division affirmed the petitioner's sentence, noting that it could not consider the petitioner's cooperation with the state because Judge D'Addabbo had not considered it when he sentenced the petitioner. See *State* v. *Nelson*, Superior Court, judicial district of New Britain, Docket No. CR-05-220383-A (November 2, 2012) (54 Conn. L. Rptr. 904, 905).

In 2013, the petitioner filed another petition for a writ of habeas corpus in which he alleged ineffective assistance of counsel at the *Nelson I* and *Nelson II* trials. The respondent moved to dismiss the petition pursuant to Practice Book § 23-29 (5)[1] on the basis of the stipulated judgment that barred the petitioner from filing any further civil actions pertaining to those trials. The habeas court, *Oliver, J.*, granted the motion to dismiss. The petitioner appealed, claiming that he did not knowingly and voluntarily enter into the stipulated judgment. *Nelson* v. *Commissioner of Correction*, supra, 326 Conn. 774. Our Supreme Court affirmed the judgment of dismissal, concluding that "the petitioner did not properly raise his challenge to the enforceability of the stipulated judgment in the habeas court and, further, that the stipulated judgment was a legally sufficient ground for dismissal of the present habeas action." Id., 775.

In 2015, the petitioner filed the present petition for a writ of habeas corpus. In his amended three count petition, he alleged in count one that Freeman, who represented him before the sentence review board, had provided ineffective assistance by advising the petitioner to pursue sentence review and failing to consult with Rimmer about the stipulation. In count two, the petitioner alleged that Rimmer, who was the petitioner's habeas counsel, had rendered ineffective assistance because he had not investigated and consulted with Freeman to determine the basis for the stipulation before advising the petitioner to forgo his habeas corpus rights in exchange for sentence review. In count three,

the petitioner alleged that he was not fully and accurately apprised by Rimmer as to the full scope of the stipulation before withdrawing his habeas corpus petition.

The habeas trial was held on October 30, 2019. The petitioner, Freeman, and Rimmer testified. Following trial, Judge Bhatt denied the petition. As to the claim that Freeman's representation was ineffective, the court found that there was no evidence that "Freeman advised the petitioner that he should choose sentence review in lieu of the claims in his prior habeas petition." The court found that Rimmer had made the suggestion and concluded that Freeman's representation was not deficient.[2]

With respect to Rimmer's representation, the court credited Rimmer's testimony that the petitioner's habeas claims were not strong, given that he had represented himself in *Nelson II* and, therefore, was precluded from raising a claim of ineffective assistance of counsel. Even if the petitioner could prove that Chong provided ineffective assistance during *Nelson I*, the sentence imposed for that conviction was eighteen years, significantly shorter than the concurrent sentence he received in *Nelson II*. The petitioner presented no evidence that Rimmer failed to properly advise him that the sentence review board would not consider his cooperation with the state in the separate murder trials. Moreover, the court stated that the petitioner's simultaneous claims against Freeman and Rimmer would "require actions that each interfere with the other's representation of the same client. . . . [B]oth counsel strove to resolve the petitioner's matters by coordinating their respective efforts [to] get meaningful relief for the petitioner. The restoration of the petitioner's right to sentence review was meaningful relief."

The court credited Rimmer's testimony that he spent one hour explaining to the petitioner the motion for the stipulated judgment and believed the petitioner understood the motion. The petitioner, however, testified that he met with Rimmer for approximately ten minutes and that Rimmer gave him a single sheet of paper that he signed without reading. The motion for the stipulated judgment was placed into evidence, and the court found that it was six pages in length, including the signature page, and the petitioner's signature was on the last page.[3] The court concluded that Rimmer's representation was not deficient.

As to count three of the petition, which alleged that the petitioner's withdrawal of the prior habeas petition was not knowing and voluntary, the habeas court denied the claim because it was based on allegations that both Freeman and Rimmer provided ineffective assistance of counsel in connection with the stipulated judgment. The court already had determined that neither counsel had rendered ineffective assistance. In

addition, the court found that the motion for a stipulated judgment was a proper basis for dismissal of the prior habeas petition, pursuant to our Supreme Court's decision in *Nelson* v. *Commissioner of Correction*, supra, 326 Conn. 774. The habeas court, therefore, denied the present petition for a writ of habeas corpus but granted the petitioner's petition for certification to appeal.

On appeal, the petitioner claims that the court improperly determined that Rimmer did not render ineffective assistance and that the petitioner's withdrawal of the prior habeas petition with prejudice was knowing and voluntary. Factually, the claims are intertwined, as they both flow from the petitioner's allegations that Rimmer provided ineffective assistance by advising the petitioner to enter into the stipulated judgment.

In *Lozada* v. *Warden*, 223 Conn. 834, 613 A.2d 818 (1992), our Supreme Court "determined that the statutory right to habeas counsel for indigent petitioners provided in General Statutes § 51-296 (a) includes an implied requirement that such counsel be effective, and it held that the appropriate vehicle to challenge the effectiveness of habeas counsel is through a habeas petition." (Internal quotation marks omitted.) *Gerald W.* v. *Commissioner of Correction*, 169 Conn. App. 456, 463, 150 A.3d 729 (2016), cert. denied, 324 Conn. 908, 152 A.3d 1246 (2017). The question of whether the representation a petitioner received "was constitutionally inadequate is a mixed question of law and fact." (Internal quotation marks omitted.) *Sanders* v. *Commissioner of Correction*, 83 Conn. App. 543, 548, 851 A.2d 313, cert. denied, 271 Conn. 914, 859 A.2d 569 (2004).

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Dwyer* v. *Commissioner of Correction*, 102 Conn. App. 838, 841, 927 A.2d 347, cert. denied, 284 Conn. 925, 933 A.2d 724 (2007). In a habeas trial, the court is the trier of fact and, thus, "is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony . . . ." *Bowens* v. *Commissioner of Correction*, 333 Conn. 502, 523, 217 A.3d 609 (2019). "It is simply not the role of this court on appeal to second-guess credibility determinations made by the habeas court." *Noze* v. *Commissioner of Correction*, 177 Conn. App. 874, 887, 173 A.3d 525 (2017).

To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test of *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, "the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's

assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted.) *Sanders* v. *Commissioner of Correction*, supra, 83 Conn. App. 549. A petitioner can succeed only if he can satisfy both of the *Strickland* prongs. *Bowens* v. *Commissioner of Correction*, supra, 333 Conn. 538.

On the basis of our review of the record and having considered the briefs and arguments of the parties, we conclude that the court properly denied the petition for a writ of habeas corpus. Regarding the petitioner's claim that Rimmer provided ineffective assistance of counsel and, on the basis of the evidence presented at trial, the habeas court found that (1) Rimmer informed the petitioner that the remaining claims in his consolidated habeas petition were weak and that sentence review might afford him relief from the fifty-five year sentence in *Nelson II*; (2) Freeman and Rimmer individually counseled the petitioner in separate and distinct capacities in the respective proceedings; (3) Rimmer met with the petitioner for approximately one hour to review the motion for the stipulated judgment, which was detailed and specific, and answered the petitioner's questions; and (4) Rimmer believed that the petitioner comprehended the consequences of entering into the stipulated judgment, including his waiver of habeas corpus rights arising out of his convictions.

With regard to the petitioner's claim that the withdrawal of his habeas corpus petition was not knowing or voluntary, the habeas court found that Rimmer spent approximately one hour with the petitioner discussing the six page motion for the stipulated judgment and answering the petitioner's questions before the petitioner signed the document. Importantly, the court found Rimmer's testimony to be more credible than the petitioner's. This court is bound by the credibility determinations of the habeas court, which sits as the trier of fact. See *Noze* v. *Commissioner of Correction*, supra, 177 Conn. App. 887.[4]

The judgment is affirmed.

[1] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (5) any other legally sufficient ground for dismissal of the petition exists."

[2] On appeal, the petitioner has not challenged the court's finding with respect to Freeman.

[3] Our review of the motion for stipulated judgment confirms the court's finding. Page 6 of the document contains the signatures and names of the petitioner, Rimmer, and counsel for the respondent.

[4] In his habeas corpus petition, the petitioner did not allege that his waiver of his habeas rights were not voluntary and knowing because Judge Newson did not canvass him before granting the motion for the stipulated judgment. Judge Bhatt addressed the issue in his decision, and the petitioner made

the argument in his appellate brief. The petitioner has not identified any authority in support of his argument other than Practice Book § 39-24 and *Almedina* v. *Commissioner of Correction*, 109 Conn. App. 1, 7, 950 A.2d 553, cert. denied, 289 Conn. 925, 958 A.2d 150 (2008). Those authorities are inapposite, as they both concern a guilty plea. Moreover, during oral argument before this court, counsel for the petitioner made clear that he was not claiming that the petitioner had a constitutional right to be canvassed.

———————————————