******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

KIMBERLY N. FINNEY *v.* COMMISSIONER
OF CORRECTION
(AC 43105)

Bright, C. J., and Prescott and Alexander, Js.

*Syllabus*

The petitioner, who had been convicted in 2008, on a guilty plea, of the
crime of kidnapping in the second degree, sought a writ of habeas corpus,
claiming that his trial counsel had provided ineffective assistance. As
relief, the petitioner requested that the habeas court allow him to with-
draw his guilty plea. The respondent Commissioner of Correction filed
a request for an order to show cause why the petition should be permitted
to proceed. Following a hearing, the habeas court determined that the
petition, which was filed in 2018, was timely filed within the limitation
period set forth in the applicable statute (§ 52-470 (c)) because it was
filed within five years of the disposition in 2016 of the petitioner's most
recent violation of the probationary portion of his sentence on the 2008
conviction. The habeas court then, on its own motion, dismissed the
petition pursuant to the relevant rule of practice (§ 23-29 (2)) on the
ground that the petition failed to state a claim on which habeas corpus
relief could be granted. Thereafter, on the granting of certification, the
petitioner appealed to this court. *Held*:
1. The habeas court improperly dismissed the habeas petition pursuant to
   Practice Book § 23-29 (2), the petition having stated a claim on which
   habeas relief could be granted; the petition raised allegations of ineffec-
   tive assistance of counsel that, when viewed in the light most favorable
   to the petitioner, implicitly challenged whether the petitioner knowingly
   and voluntarily entered the guilty plea, which states a cognizable claim
   for habeas relief.
2. The habeas court improperly determined that the habeas petition was
   timely filed within the limitation period set forth in § 52-470 (c); this
   court disagreed with the habeas court's construction of § 52-470 (c), as
   the timeliness of a petition under the statute is evaluated on the basis
   of when the judgment of conviction, not the sentence imposed for
   that conviction, is final, and any disposition following a violation of a
   probationary portion of a sentence cannot, as a matter of law, toll or
   restart the limitation period for filing a petition challenging the convic-
   tion; moreover, although the habeas petition was not timely, it having
   been filed six months beyond the limitation period, because the issue
   of whether the petitioner can establish good cause for the delay in filing
   his petition was not determined by the habeas court, the case was
   remanded to that court for further proceedings on that issue in accor-
   dance with § 52-470 (e).

Argued January 14—officially released August 31, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Newson, J.*, rendered judgment dismissing
the petition, from which the petitioner, on the granting
of certification, appealed to this court. *Reversed; fur-
ther proceedings*.

*Naomi T. Fetterman*, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney,
with whom, on the brief, were *Joseph T. Corradino*,
state's attorney, and *Emily Trudeau*, assistant state's
attorney, for the appellee (respondent).

*Opinion*

PRESCOTT, J. The petitioner, Kimberly N. Finney, appeals, following the granting of his petition for certification to appeal, from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claims that the court improperly dismissed his habeas petition pursuant to Practice Book § 23-29 (2) on the ground that the petition failed to state a claim on which habeas relief could be granted.[1] The respondent, the Commissioner of Correction, both refutes the petitioner's claim and raises as an alternative ground for affirmance that, even if the petition raises a cognizable claim for habeas relief, the court should have dismissed the petition as untimely filed in accordance with General Statutes § 52-470.[2] We agree with the petitioner that the habeas court improperly dismissed the petition pursuant to Practice Book § 23-29 (2). We also agree that, in resolving the court's order to show cause why the petition should be permitted to proceed in accordance with § 52-470, the habeas court improperly determined that the petition was filed within the prescribed statutory time limit. Accordingly, we reverse the judgment of the habeas court and remand the case with direction (1) to deny the court's own motion to dismiss and (2) to conduct a new hearing to determine, in accordance with § 52-470 (e), whether the petitioner can demonstrate good cause for the delay in filing the petition and, if not, to dismiss the petition on that basis.[3]

The record reveals the following undisputed facts and procedural history. The petitioner pleaded guilty on May 21, 2008, to one count of kidnapping in the second degree in violation of General Statutes § 53a-94. He was sentenced on September 5, 2008, to a term of twenty years of incarceration, execution suspended after five years, followed by five years of probation. The petitioner violated the terms of his probation on at least two occasions. On December 22, 2016, following the petitioner's admission to a third violation of probation, the petitioner was sentenced to a term of twelve years of incarceration, execution suspended after six years, followed by two years of probation.

On April 2, 2018, the petitioner, acting as a self-represented party, filed a petition for a writ of habeas corpus directed at his 2008 conviction.[4] In the petition, he alleged that he improperly was convicted in 2008 because his trial counsel had provided him with constitutionally ineffective assistance. The petitioner attached to the petition form a single page that contained more detailed allegations in support of his ineffective assistance of counsel claim.[5] By way of relief, the petitioner sought to have the court allow him to withdraw his guilty plea. Accompanying the petition was a request for the appointment of counsel and an application for a waiver of fees.[6]

On August 9, 2018, the respondent filed a motion for an order to show cause why the petition should be permitted to proceed because it was filed outside of the applicable five year limitation period set forth in § 52-470 (c). On September 4, 2018, the habeas court ordered that the motion "be set down for a hearing," which was subsequently scheduled for October 26, 2018.[7]

On September 20, 2018, the petitioner filed a notice of intent to file an amended habeas petition. The petitioner's counsel indicated to the court that transcripts of prior proceedings, including "the underlying plea transcripts," were necessary to the drafting of an amended petition but had not yet been received. On October 25, 2018, the petitioner sought the court's permission to file a "delayed" response to the respondent's motion for order to show cause. The court granted permission and accepted the response as submitted. In that response, the petitioner argued that the petition was timely filed under § 52-470 (c) because the operative date for calculating the filing deadline was not the date his original judgment of conviction became final. Rather, he argued, "due to the fact that his sentence was reopened and modified in his violation of probation proceeding, which was decided on December 22, 2016, the date of that ruling serves as the time at which his conviction became final." In the alternative, he argued that, even if his petition was untimely, he had "substantial" good cause for any delay.[8]

At the October 26, 2018 hearing, the habeas court, *Newson, J.*, informed the parties that it intended "to raise a couple of issues" pursuant to its authority under Practice Book § 23-29. After hearing some initial arguments by counsel, the court indicated that it intended to issue a written order requesting additional briefing on several of the issues raised at the hearing. The court subsequently issued its written order giving the parties until January 4, 2019, to file briefs addressing several issues, of which the following are relevant to the present appeal: (1) "Whether the petition should be dismissed for failing to state a claim upon which habeas relief can be granted because the petitioner's guilty plea waived collateral attacks on his conviction that do not go to the voluntary, knowing and intelligent nature of the plea, and this petition fails to make such a claim and/ or alternatively asserts claims that are considered to have been waived as a result of his guilty plea?" And (2) "Where a sentence imposed on a petitioner includes a period of probation and the petitioner has subsequently been found in violation of that probation: (a) Must a petition for a writ of habeas corpus attack the proceedings and representation relating to the most recent violation of probation disposition OR those related to the original sentencing OR can the petitioner choose to attack any of the proceedings from the origi-

nal conviction to the most recent violation of probation disposition? (b) For purposes of calculating the time period(s) under . . . § 52-470 (c), does the date of the original sentencing OR the date of the most recent violation of probation sentencing control?"

Each party filed a timely, responsive brief. The respondent took the position that none of the allegations in the petition expressly was directed to the voluntariness of the petitioner's 2008 plea, and, therefore, the petition should be dismissed for failure to state a claim on which relief could be granted. The respondent conceded that a petitioner who is reincarcerated following a violation of probation properly may attack his initial conviction and/or the violation of probation. According to the respondent, however, if a petitioner chooses to attack only the initial conviction, the calculation of the limitation period set forth in § 52-470 (c) begins from the date that the initial conviction is deemed final.

The petitioner argued in his brief, inter alia, that his petition, if properly construed, stated a claim for habeas relief because it challenged the validity of his guilty plea. The petitioner clarified that his petition challenged the underlying 2008 criminal conviction rather than the most recent violation of probation proceedings but, nevertheless, argued that a determination of the date on which that underlying conviction became final for purposes of § 52-470 (c) "must be made based on the date by which the sentence was reopened and imposed last." In other words, the petitioner claimed that his habeas petition was not "delayed" within the meaning of § 52-470 (c), if measured from the disposition date for his latest violation of probation.

On April 15, 2019, the habeas court issued a memorandum of decision resolving both the order to show cause issued pursuant to § 52-470 and the court's own motion to dismiss raised pursuant to Practice Book § 23-29. The court first analyzed whether it was legally required to give the petitioner's appointed habeas counsel time to review and revise the petition before addressing its legal sufficiency. The court determined that it was not and turned next to the issue of when the judgment of conviction is deemed to be final for purposes of § 52-470 (c). The court determined that, although the original sentence was imposed in 2008, the change in disposition following the revocation of probation meant that the petition was timely for purposes of § 52-470 (c) because "it was filed within five years of the most recent violation of probation disposition."[9] Finally, turning to its own motion to dismiss the petition pursuant to Practice Book § 23-29 (2), the court concluded that the petitioner had waived all of the specific allegations of ineffective assistance of counsel set forth in the petition by virtue of his decision to enter a guilty plea and that none of those allegations "could be said to reasonably allege

that counsel provided ineffective assistance with respect to the entry of the plea, or which attacks the voluntary, intelligent and knowing character of the plea." Because the petition also failed to raise any challenge to counsel's performance with respect to the most recent violation of probation disposition, the court concluded that "the petition fails to state a claim upon which relief can be granted." Accordingly, the court dismissed the petition. Following the court's subsequent granting of certification to appeal, this appeal followed.

I

We begin with the petitioner's claim that the habeas court improperly dismissed his habeas petition pursuant to Practice Book § 23-29 (2), because, if properly construed in the light most favorable to him, the allegations in the petition state a claim on which habeas relief could be granted. We agree.

"Whether a habeas court properly dismissed a petition pursuant to Practice Book § 23-29 (2), on the ground that it fails to state a claim upon which habeas corpus relief can be granted, presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 559, 153 A.3d 1233 (2017). It is well settled that a petition for a writ of habeas corpus "is essentially a pleading and, as such, it should conform generally to a complaint in a civil action . . . . The purpose of the [petition] is to put the [respondent] on notice of the claims made, to limit the issues to be decided, and to prevent surprise." (Internal quotation marks omitted.) *Nelson* v. *Commissioner of Correction*, 326 Conn. 772, 780, 167 A.3d 952 (2017). Thus, as it would do in evaluating the allegations in a civil complaint, in evaluating the legal sufficiency of allegations in a habeas petition, a court must view the allegations in the light most favorable to the petitioner, which includes all facts necessarily implied from the allegations. See *Noble* v. *Marshall*, 23 Conn. App. 227, 229, 579 A.2d 594 (1990).[10]

It is a well settled proposition that "a guilty plea waives any nonjurisdictional defects that occurred prior to the entry of the plea, including any alleged constitutional deprivations." *Mincewicz* v. *Commissioner of Correction*, 162 Conn. App. 109, 112, 129 A.3d 791 (2015). "The focus of a habeas inquiry where there has been a guilty plea is the nature of the advice of counsel and the voluntariness of the plea, not the existence of a purported antecedent constitutional infirmity. . . . [A] guilty plea represents a break in the chain of events [that] has preceded it in the criminal process. [If] a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that

occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutionally acceptable] standards . . . . The plaintiff must, moreover, demonstrate that there was such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance." (Citations omitted; internal quotation marks omitted.) *Buckley* v. *Warden,* 177 Conn. 538, 542–43, 418 A.2d 913 (1979); see also *Dukes* v. *Warden,* 161 Conn. 337, 344, 288 A.2d 58 (1971) ("an allegation of the ineffective assistance of counsel is a factor to be taken into consideration in determining whether a guilty plea was voluntary and intelligent"), aff'd, 406 U.S. 250, 92 S. Ct. 1551, 32 L. Ed. 2d 45 (1972).

Here, although we agree with the habeas court's assessment that the petition fails to connect expressly the asserted allegations of ineffective assistance of counsel directly to whether the petitioner's decision to enter a guilty plea was knowing and voluntary, we nevertheless conclude, on the basis of our plenary review, that it is reasonable to infer such an interrelationship from the allegations. This is particularly true given the early stage of the proceedings and the fact that the petition was filed by a self-represented party. See *Gilchrist* v. *Commissioner of Correction,* 334 Conn. 548, 560, 223 A.3d 368 (2020) ("when a petitioner has proceeded [as a self-represented party] . . . courts should review habeas petitions with a lenient eye, allowing borderline cases to proceed" (internal quotation marks omitted)); *Kaddah* v. *Commissioner of Correction,* 299 Conn. 129, 140, 7 A.3d 911 (2010) (cautioning that courts "should be solicitous to [self-represented] petitioners and construe their pleadings liberally in light of the limited legal knowledge they possess"). Significantly, the only relief that the petitioner requests in his petition is an opportunity to withdraw the guilty plea. That request for relief provides additional support for construing the allegations of ineffective assistance of counsel in the petition as relating to the petitioner's decision to enter a guilty plea.

Although ultimately it may prove that the petitioner is unable to produce evidence to support his allegations of ineffective assistance or to demonstrate any causal connection linking those allegations with his decision to enter a guilty plea, such speculation cannot support the granting of a motion to dismiss. In *Mincewicz* v. *Commissioner of Correction,* supra, 162 Conn. App. 109, this court concluded that the habeas court, *following a trial,* properly determined that the petitioner waived his claim of ineffective assistance of counsel because the record before the habeas court supported its express factual finding "that counsel's advice preceded and did not affect the petitioner's decision to

plead guilty . . . ." Id., 114.

Similarly, in *Henderson* v. *Commissioner of Correction*, 181 Conn. App. 778, 795–96, 189 A.3d 135, cert. denied, 329 Conn. 911, 186 A.3d 707 (2018), a case cited and relied on by the respondent, this court concluded that the habeas court did not abuse its discretion in denying certification to appeal with respect to whether the petitioner had waived several claims that the habeas court had *determined were unrelated to his guilty plea.* In addition, we rejected the petitioner's request that we "interpret *Hill* v. *Lockhart*, 474 U.S. 52, 58–59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), such that it prohibits the application of the waiver rule to claims of ineffective assistance of counsel following an unconditional guilty plea." *Henderson* v. *Commissioner of Correction*, supra, 798. We stated that "*Hill* defines a petitioner's *burden of proof* with respect to ineffective assistance claims in the guilty plea context, thereby requiring a petitioner to demonstrate that but for counsel's errors, he would not have entered the plea. . . . *Hill* is not inconsistent with the application of the waiver rule, nor do we interpret it to have undermined the rule's application in a case . . . *in which the specific claims of ineffectiveness are unrelated to the validity of the unconditional guilty plea. . . .* The touchstone of the waiver inquiry is *whether the claim implicates the validity of the plea.*" (Citation omitted; emphasis added.) Id., 798–99. In *Henderson,* following a habeas trial, the court made a factual finding that, despite allegations of ineffective assistance of counsel, "the decision to accept the state's plea offer and to plead guilty was made solely by the petitioner." Id., 799.

In the present case, unlike in *Mincewicz* and *Henderson,* the habeas court's determination that the petitioner waived his claim of ineffective assistance of counsel because his allegations did not relate to the petitioner's decision to enter a guilty plea was premature. The court reached this decision at the pleading stage, a time when the allegations in the petition must be viewed in the light most favorable to the petitioner, rather than after a habeas trial or proceedings on a motion for summary judgment at which the petitioner would have had some opportunity to present evidence potentially linking his allegations of ineffective assistance of counsel that predate his decision to plead guilty with whether his decision to enter a guilty plea was knowingly and voluntarily made.

The allegations of ineffective assistance of counsel in the present petition reasonably can be construed as asserting—not expressly, but by implication—that the petitioner's decision to plead guilty was not knowingly made because his trial counsel had failed to investigate his case properly, to review the evidence against him or to consider whether a viable trial strategy existed.[11] In other words, the allegations, read in the light most

favorable to the petitioner as is required at the pleading stage, suggest that counsel failed to prepare the case adequately so that the petitioner could have sufficient knowledge of the strength of the case and could make an informed decision as to whether to plead guilty. If proven, the petitioner could be permitted to withdraw the guilty plea, which is the only relief requested in the petition. In short, read in the context of the petition as a whole, including the relief requested, we conclude that the petitioner has raised allegations that implicitly challenge whether he knowingly and voluntarily entered a guilty plea, which states a cognizable claim for habeas relief. Accordingly, the habeas court improperly granted its own motion to dismiss.

Our conclusion that the habeas court improperly dismissed the petition pursuant to Practice Book § 23-29 (2) does not, however, end our inquiry. Rather we must next consider, as argued by the respondent, whether the court improperly determined, with respect to its order to show cause, that the petition was timely filed in accordance with § 52-470 (c) and, thus, whether the petition should have been dismissed for unreasonable delay.[12]

## II

The respondent claims that, even if the habeas court improperly dismissed the habeas petition pursuant to Practice Book § 23-29 (2), the court's judgment of dismissal may be affirmed, albeit on a different basis, because the habeas court improperly determined that the petition was filed within the limitation period set forth in § 52-470 (c). The petitioner responds that the habeas court properly interpreted the limitation period in § 52-470 (c) as having restarted when the petitioner was found in violation of probation and received a new disposition regarding sentencing. Although, for the reasons that follow, we agree with the respondent that the court should have found that the petition was not timely filed, whether the petitioner can establish good cause for the delay in filing it remains to be determined. Accordingly, we remand the case to the habeas court for further proceedings on whether the petitioner can establish good cause in accordance with § 52-470 (e).[13]

Whether a petitioner filed a petition for a writ of habeas corpus within the applicable limitation period set forth in § 52-470 is a factual determination that we ordinarily would review on appeal under the clearly erroneous standard of review. To the extent, however, that the court's finding in the present case is made on the basis of its interpretation of the relevant statute, our review is plenary. See *State* v. *Bemer*, Conn. , , A.3d (2021) ("[b]ecause issues of statutory construction raise questions of law, they are subject to plenary review on appeal").

Section 52-470 (c), (d), and (e) collectively set forth

time limitations on a petitioner's right to file a habeas petition and address whether, if not timely filed, the petitioner can establish good cause for any delay in filing the petition. See *Kelsey* v. *Commissioner of Correction*, 329 Conn. 711, 719, 189 A.3d 578 (2018). Subsection (e) of § 52-470 provides in relevant part: "In a case in which the rebuttable presumption of delay under subsection (c) or (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. . . ." As we previously have noted, subsection (d) of § 52-470 concerns the timeliness of a "petition filed subsequent to a judgment on a prior petition challenging the same conviction" and, thus, is inapplicable to the present case. See footnote 4 of this opinion.

The controlling provision with respect to the timeliness of the present petition is found in subsection (c) of § 52-470, which provides in relevant part: "[T]here shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed *after the later of the following*: (1) Five years after the date on which the judgment of conviction is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2017;[14] or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. . . ." (Emphasis added.) Of the enumerated subdivisions of subsection (c), only the first two are potentially applicable with respect to the present petition.

The present petition challenges only the judgment of conviction rendered in 2008 following the petitioner's guilty plea to kidnapping in the second degree and asks the habeas court to allow the petitioner to withdraw his guilty plea. The petition raises no additional challenges directed at the petitioner's subsequent violation of probation proceedings or disposition. Ordinarily, a judgment of conviction in a criminal matter becomes a final judgment for purposes of appellate review once a sentence is imposed. Practice Book § 61-6 (a) (1); *State* v. *Ayala*, 222 Conn. 331, 339, 610 A.2d 1162 (1992). The judgment of conviction in turn becomes final for purposes of § 52-470 (c) (1) after the appeal period has expired or, if an appeal is filed, upon a final disposition of the appeal.

In the present case, the facts regarding the finality of the 2008 judgment of conviction are not in dispute. The petitioner was sentenced on the judgment of conviction on September 5, 2008. No appeal followed that judgment. Therefore, in accordance with § 52-470 (c), the time in which to file a timely habeas petition expired on October 1, 2017, which was later than five years after the judgment of conviction became final, which would have been sometime in 2013. The present petition was filed on April 2, 2018, or six months beyond the limitation period. Nothing in the habeas court's factual recitation contradicts these calculations.

Nevertheless, the habeas court determined that the present habeas petition was in fact timely filed. The court reasoned that, although the only conviction challenged in the petition was imposed in 2008, the original sentence imposed for that conviction "has been the subject of two violation of probation proceedings, the most recent of which was disposed of on December 22, 2016. The most recent disposition resulted in a period of incarceration that remained in effect as of the date of this hearing. The court finds that this petition survives because it was filed within five years of the most recent violation of probation disposition." We disagree with the habeas court's construction of § 52-470 (c).

To properly interpret § 52-470 (c), we look to the text of the statute, which is plain and unambiguous. See General Statutes § 1-2z. The plain language of § 52-470 (c) creates a rebuttable presumption that a habeas petition has been unreasonably delayed and thus subject to dismissal if it is filed more than five years after "the judgment of conviction is deemed to be a final judgment" or after October 1, 2017, whichever date is later. The statute, thus, provides a means by which to determine easily a date from which to measure the timeliness of a habeas petition challenging a conviction.

Section 52-470 contains no additional language providing for the tolling or restarting of the statute's limitation period if a petitioner is later found in violation of probation and receives a disposition that includes reinstating all or a portion of the unserved sentence. If the legislature, in enacting *comprehensive* habeas reform, had wanted to include such a provision, it clearly was capable of doing so, as evidenced by subsection (f) of the statute, which expressly exempts from the limitation period petitions asserting a claim of actual innocence or challenging a condition of confinement. General Statutes § 52-470 (f); see also *Bloomfield* v. *United Electrical Radio & Machine Workers of America, Connecticut Independent Police Union, Local 14*, 285 Conn. 278, 289, 939 A.2d 561 (2008) ("[I]t is a principle of statutory construction that a court must construe a statute as written. . . . Courts may not by construction supply omissions . . . *or add exceptions merely because it appears that good reasons exist for*

*adding them. . . .* The intent of the legislature . . . is to be found not in what the legislature meant to say, but in the meaning of what it did say. . . . It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is a function of the legislature." (Emphasis added; internal quotation marks omitted.)). The habeas court cites to no existing statutory language or case law interpreting § 52-470 that would support its interpretation of § 52-470 (c).[15]

In violation of probation proceedings, the punishment imposed on a criminal defendant, if any, "*is attributable to the crime for which he* [*or she*] *was originally convicted and sentenced*. Thus, any sentence [the] defendant had to serve as the result of the [probation] violation . . . was punishment for the crime of which he [or she] had originally been convicted. Revocation is a *continuing consequence of the original conviction* from which probation was granted." (Emphasis added; internal quotation marks omitted.) *State* v. *Fagan*, 280 Conn. 69, 107 n.24, 905 A.2d 1101 (2006), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007). In other words, any punishment imposed as a result of a violation of probation flows directly from and is attributable to the original judgment of conviction. It in no way modifies the underlying judgment of conviction itself and, thus, has no effect on the finality of the judgment of conviction. Because the legislature, in enacting habeas reform, has determined that the timeliness of a petition is to be evaluated on the basis of when the judgment of conviction, not the sentence imposed for that conviction, is final, any violations of the probationary portion of a sentence imposed following a judgment of conviction cannot, as a matter of law, restart the period of time for filing a habeas petition to challenge that judgment. Because the petition in the present case raises no cognizable challenge with respect to the violation of probation proceeding itself, we do not opine on whether such a challenge would elicit a different result.

Although we have determined that the court improperly found that the petition was timely filed in accordance with § 52-470 (c), it nevertheless remains to be determined whether, pursuant to § 52-470 (e), the petitioner can demonstrate good cause for the delay in filing the petition, an issue never considered or addressed by the habeas court. Because "a habeas court's determination of whether a petitioner has satisfied the good cause standard in a particular case requires a weighing of the various facts and circumstances offered to justify the delay, including an evaluation of the credibility of any witness testimony" or other evidence that may be offered; *Kelsey* v. *Commissioner of Correction*, 202 Conn. App. 21, 35–36, 244 A.3d 171 (2020), cert. granted, 336 Conn. 941, 250 A.3d 41 (2021); it is appropriate to remand the case to the habeas court for a new hearing on whether the petitioner can demonstrate good cause

for the delay.

The judgment is reversed and the case is remanded with direction to deny the habeas court's motion to dismiss and for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

[1] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted . . . ."

[2] General Statutes § 52-470 provides in relevant part: "(c) . . . there shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed after the later of the following: (1) Five years after the date on which the judgment of conviction is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2017; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. . . .

"(e) In a case in which the rebuttable presumption of delay . . . applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. . . ."

[3] The petitioner also claims on appeal that the habeas court improperly dismissed his habeas petition without allowing his court-appointed counsel a reasonable opportunity to file an amended petition. Because we agree with the petitioner that the petition, as filed, was legally sufficient to withstand a motion to dismiss pursuant to Practice Book § 23-29 (2) and resolution of the claim has no bearing on the habeas court's consideration on remand of whether good cause exists for the petitioner's delay in filing the petition, we do not reach this additional claim of error.

[4] The petitioner previously had filed a petition for a writ of habeas corpus in 2009 challenging his 2008 conviction but voluntarily withdrew that petition in 2011. Subsection (d) of 52-470 provides that, "[f]or the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment." Accordingly, because the petitioner withdrew this prior petition, it did not constitute "a judgment on a prior petition challenging the same conviction," and, therefore, the statutory time limits set forth in subsection (c) of 52-470 apply in the present case rather than the limitation period found in subsection (d), which only applies in a case involving successive petitions. See General Statutes § 52-470 (d) (creating "rebuttable presumption that the filing of [a] *subsequent petition* has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act" (emphasis added)).

[5] The attached document, captioned "Ineffective Counsel," appears to be incomplete. Nevertheless, the petitioner, in arguing to the habeas court that the allegations in the petition were sufficient to survive a motion to dismiss, relied on only the following paragraphs:

"1. Counsel failed to do a thorough or adequate investigation of the case and therefore was not adequately prepared for trial.

"2. Counsel failed to adequately prepare the petitioner for trial in that he only visited the petitioner one time the entire time he was his lawyer and never discussed the defense strategy to be utilized at trial.

"3. Counsel lied about speaking to multiple witness[es] in the [defense's] favor but had their names on the defense witness list as if he had spoken with them about being witness[es].

"4. Counsel failed to ask for continuance or to inform the judge that he was not prepared for trial, but told the petitioner that he did and was told he could not stop selection or the trial.

"5. Counsel failed to suppress statement by the complainant . . . .

"6. Counsel failed to obtain the single most important factor and information that linked the petitioner to the crime. . . .

"9. Counsel failed to provide information about DNA testing sent to [an] independent tester to the petitioner which was requested by the petitioner.

"10. Counsel failed to speak to alibi witness about alibi."

[6] On April 6, 2018, a clerk of the court granted the fee waiver application. An initial trial management and scheduling order was also issued by the court. That order stated that a referral had been made to the Office of the Chief Public Defender for an investigation of whether the petitioner was indigent. The order also provided procedures and time limits for the filing of an amended petition, if deemed necessary.

[7] Initially, the habeas court, noting the outstanding referral to the Office of the Chief Public Defender related to the appointment of counsel, ordered that the respondent's motion "cannot be scheduled for a hearing or acted upon until counsel appears." Counsel was thereafter appointed for the petitioner on or about August 20, 2018. The court vacated its initial order and rendered the modified September 4, 2018 order.

[8] The petitioner argued that he had withdrawn a timely petition in 2011 after learning that his twelve year old son had been diagnosed with cancer. According to the petitioner, the Department of Correction refused to allow the incarcerated petitioner to have his bone marrow tested as a potential donor for his son. His scheduled release date at that time was March 19, 2012, and his counsel advised him that, if he was successful regarding the pending petition, which was scheduled for trial in December, 2011, his release could be delayed because his plea would be vacated and he could be held on bond until a new criminal trial could be conducted, and that he could withdraw his petition and refile at a future date. The petitioner also argued that his counsel had refused to provide him with copies of certain legal documents in his file and that courts have concluded that lack of access to legal records is sufficient to rebut a presumption of delay without good cause. Finally, the petitioner argued that the death of his son in May, 2013, led to diminishing mental health and severe alcohol dependency that prevented him from pursuing another petition.

[9] The habeas court offered the following analysis to support its conclusion: "As the [respondent] concedes in its brief, a petitioner may at any time attack an illegal sentence under [a] provision like Practice Book § 43-22. That being the case, it would seem that a petitioner could attack either the original conviction resulting in a probation sentence, or the most recent disposition resulting in a revocation of that probation, because the disposition of a probation violation is considered a continuation of the original sentencing proceeding. . . . Also, a petitioner gets the benefit of the latter of the applicable limitation periods under § 52-470 (c) (1), (2) or (3) when an order to show cause is requested. The most recent violation of probation disposition on December 22, 2016, is well within the five year window provided for in § 52-470 (c) (1). Therefore, the respondent's order to show cause is denied." (Citation omitted; footnotes omitted; internal quotation marks omitted.)

[10] Whereas the legal sufficiency of pleadings in civil matters is tested by way of a motion to strike, which permits an opportunity to replead; see Practice Book § 10-44; legal sufficiency in a habeas action may be tested by way of a motion to dismiss because a cognizable habeas claim is necessary to invoke the jurisdiction of the habeas court. See *Johnson* v. *Commissioner of Correction*, 258 Conn. 804, 815, 786 A.2d 1091 (2002) ("[h]abeas corpus provides a special and extraordinary legal remedy for illegal detention" (internal quotation marks omitted)); *Dinham* v. *Commissioner of Correction*, 191 Conn. App. 84, 89, 213 A.3d 507 ("With respect to the habeas court's jurisdiction, [t]he scope of relief available through a petition for [a writ of] habeas corpus is limited. In order to invoke the trial court's subject matter jurisdiction in a habeas action, a petitioner must allege that he is illegally confined or has been deprived of his liberty. . . . In other words, a petitioner must allege an interest sufficient to give rise to habeas relief." (Internal quotation marks omitted.)), cert. denied, 333 Conn. 927, 217 A.3d 995 (2019). The petitioner's lack of an opportunity to replead demonstrates

why it is important for habeas courts to construe the allegations in a habeas petition in the light most favorable to upholding its legal sufficiency.

[11] The habeas court summarized the allegations in the petition as follows: "[C]ounsel failed to conduct a thorough investigation, failed to suppress statements, failed to obtain personnel information on detectives involved in the case, failed to speak to an alibi witness, misrepresented information on the record to the trial court, and placed a witness on the witness list [who] counsel knew was not going to cooperate with the defense."

[12] Although, pursuant to § 52-470 (g), any party who wants to obtain appellate review of a judgment rendered in a habeas action must petition the habeas court for certification to appeal, the respondent was not aggrieved by the court's disposition of the order to show cause in light of the court's contemporaneous dismissal of the petition pursuant to its own Practice Book § 23-29 motion to dismiss. Accordingly, the respondent arguably could not have sought certification to file an appeal or cross appeal. Nevertheless, we conclude that his claim is properly before us for review pursuant to Practice Book § 63-4 (a) (1) (B), because the court's decision with respect to the order to show cause constituted an adverse ruling that only needed to be considered in the event the petitioner prevailed with respect to his appeal. We will consider the respondent's claim despite his failure to raise the issue properly by filing a preliminary statement of issues; see Practice Book § 63-4 (a) (1); because the petitioner was able to respond to the claim in his reply brief and thus was not prejudiced. See *State* v. *Osuch*, 124 Conn. App. 572, 580–81, 5 A.3d 976, cert. denied, 299 Conn. 918, 10 A.3d 1052 (2010).

[13] The petitioner also argues that, even if the habeas court incorrectly determined that the petition was timely filed, that error alone would be insufficient to constitute an alternative basis for upholding the habeas court's dismissal of the petition because untimely petitions are not subject to dismissal as a matter of law but, rather, are subject to dismissal only if the petitioner is unable to demonstrate good cause for the delay in filing the petition, which is a factual finding that is absent from the record and cannot be made by this court for the first time on appeal. As is apparent from our disposition of the respondent's claim, we agree with the petitioner that the habeas court must make the good cause determination, and the petitioner will be afforded an opportunity to demonstrate good cause on remand.

[14] It can be inferred from the statutory scheme as a whole that the October 1, 2017 date was included by the legislature to ensure that any petitioner whose judgment of conviction became final before the enactment of comprehensive habeas reform in 2012, which included the adoption of the limitation periods now found in subsections (c) and (d) of § 52-470, would have at least five years in which to initiate a habeas action.

[15] We also agree with the respondent's argument that the habeas court's interpretation of § 52-470 (c) would lead to absurd results. In his appellate brief, the respondent provided the following example: "[A] petitioner who was sentenced to serve a straight twenty year sentence would lose his right to bring a habeas challenge to his conviction after five years, under the statute. . . . [U]nder the habeas court's interpretation, [however] a petitioner who was sentenced to a twenty year sentence, suspended after ten years, followed by ten years of probation, initially would lose his right to challenge his conviction after the first five years of his sentence, but then regain that right if he is found in violation of his probation at any point during the second half of his sentence. In both instances, the prisoner is still in prison, serving his twenty year sentence, when he files his habeas petition, but the petitioner who was continuously imprisoned would have lost [in the absence of good cause] his right to file a habeas challenge to the original judgment of conviction while, in the habeas court's view, the petitioner who was released but engaged in further criminal conduct, resulting in a probation revocation, would not have lost his right to file a habeas challenge to the original judgment of conviction." (Emphasis omitted.) As the respondent correctly asserts, "[t]he legislature could not have intended such disparate treatment, which essentially affords a windfall to those who engage in misconduct [that] leads to a revocation of their probation."