******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JOSE E. MEDINA
(AC 38932)

Beach, Mullins and Sullivan, Js.*

*Argued October 11, 2016—officially released February 7, 2017*

(Appeal from Superior Court, judicial district of
Hartford, Dewey, J.)

*James P. Sexton*, assigned counsel, with whom were
*Matthew C. Eagan*, assigned counsel, and, on the brief,
*Michael S. Taylor*, *Marina L. Green*, and *Emily G.
Sexton*, assigned counsel, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with
whom, on the brief, were *Gail P. Hardy*, state's attor-
ney, and *John Fahey*, senior assistant state's attorney,
for the appellee (state).

*Opinion*

SULLIVAN, J. The defendant, Jose E. Medina, appeals from the judgment of conviction, rendered after a jury trial, of capital felony in violation of General Statutes (Rev. 2011) § 53a-54b (7)[1] and General Statutes § 53a-8 (a), and conspiracy to commit murder in violation of General Statutes §§ 53a-48 (a) and 53a-54a (a). On appeal, the defendant claims that the trial court improperly allowed the jury to consider inculpatory statements in violation of his federal constitutional rights where the record is clear that either (1) the detectives failed to advise the defendant of his *Miranda* rights[2] prior to their custodial interrogation of him, or (2) the *Miranda* waiver that the defendant gave was not knowing, intelligent, and voluntary because he was under the influence of phencyclidine (PCP). We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. At approximately 4 a.m. on January 1, 2011, the defendant and his friend, Angel Rivera, were traveling in a black Lexus and engaged in a pursuit of a red Ford Expedition driven by Luis Rivera, one of the victims, with Lionel Roldan, the other victim, as a passenger in that vehicle. As Angel Rivera and the defendant chased the Expedition, the defendant shot at its occupants. The chase ended when Luis Rivera lost control of the Expedition on Francis Avenue in Hartford and the vehicle became lodged in a snowbank. The defendant then exited the Lexus and shot at the victims from the passenger's side of the Expedition. Angel Rivera also exited the Lexus and proceeded to the Expedition, where he and the defendant repeatedly punched Roldan. The defendant and Angel Rivera drove away in the Lexus, but they returned to the scene shortly thereafter. After removing Roldan from the passenger seat, the defendant entered the Expedition and drove away. Angel Rivera departed, driving the Lexus. Both Roldan and Luis Rivera died of gunshot wounds.

Later that day, the defendant visited Kasandra Rivera, and they argued, prompting her to call 911 to report a domestic disturbance. Responding police pursued the defendant in a car chase around Hartford, East Hartford, and West Hartford. The chase ended in a shopping plaza in West Hartford after the defendant's vehicle caught fire and police then flattened his tires using stopsticks. After police apprehended the defendant, they arrested him on narcotics, traffic, and domestic disturbance offenses, and transported him to the major crimes division of the Hartford Police Department.

The defendant arrived at the major crimes division around 4:55 p.m. and signed a form waiving his *Miranda* rights at 6:35 p.m. Between the time he arrived at the major crimes division and the time he was " 'book[ed],' " several detectives interviewed him,

including Detective Luis Poma. At some point in the evening, the defendant asked to speak with Kasandra Rivera and a detective facilitated that call. With police present, the defendant spoke with Kasandra Rivera on a detective's desk phone and admitted that he had shot the victims. The time of his *Miranda* waiver relative to the time of his statements to Poma and Kasandra Rivera is unclear from the record.

On March 12, 2014, in a long form information, the state charged the defendant with capital felony in violation of §§ 53a-54b (7) and 53a-8 (a), two counts of murder in violation of §§ 53a-54a (a) and 53a-8 (a), and conspiracy to commit murder in violation of §§ 53a-48 (a) and 53a-54a (a). Following a trial, the jury found the defendant guilty on all charges. The court imposed a sentence of life without the possibility of release for capital felony, sixty years each for the murder counts, and ten years for conspiracy to commit murder, consecutive to the capital felony sentence. In accord with existing precedent, however, the court vacated the murder convictions. See *State* v. *Polanco*, 308 Conn. 242, 245, 61 A.3d 1084 (2013) (when defendant convicted of greater and lesser included offenses, lesser included offense must be vacated). This appeal followed. Further facts will be set forth where relevant to the issues raised by the defendant.

I

The defendant first claims that the court violated his constitutional rights by allowing evidence before the jury of inculpatory statements that he made before he had been advised of his *Miranda* rights. The purported inculpatory statements included statements made to Poma during an alleged custodial interrogation and statements made over the telephone to Kasandra Rivera and overheard by detectives. The defendant concedes that he did not raise this or his other claim that he did not waive his *Miranda* rights voluntarily, knowingly, or intelligently at trial, but argues that he may raise his claims pursuant to *Golding*.[3] The state argues that, because the record is inadequate for review, the defendant's claim fails the first prong of *Golding*. We agree with the state.

Before addressing the defendant's claim, we set forth the applicable standard of review. "Under *Golding*, a criminal defendant can prevail on an unpreserved claim of constitutional error if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Edmonds*, 323 Conn. 34,

48 n.8, 145 A.3d 861 (2016). "[U]nless the defendant has satisfied the first *Golding* prong, that is, unless the defendant has demonstrated that the record is adequate for appellate review, the appellate tribunal will not consider the merits of the defendant's claim." (Internal quotation marks omitted.) *State* v. *Polanco*, 165 Conn. App. 563, 572–73, 140 A.3d 230, cert. denied, 322 Conn. 906, 139 A.3d 708 (2016).

"Two threshold conditions must be satisfied in order to invoke the warnings constitutionally required by *Miranda*: (1) the defendant must have been in custody; and (2) the defendant must have been subjected to police interrogation. . . . If a suspect indicates that he wishes to remain silent, the interrogation must cease and if he requests counsel, the interrogation must cease until an attorney is present." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Burns*, 140 Conn. App. 347, 367, 59 A.3d 819, cert. denied, 308 Conn. 918, 62 A.3d 1132 (2013).

As stated previously, the record indicates that the defendant signed a *Miranda* waiver form at 6:35 p.m. Due to the lack of findings by the trial court, and the lack of clear and consistent testimony by Poma and Detective Andrew Jacobson of the Hartford Police Department, however, the record is unclear as to when the defendant was read and waived his *Miranda* rights in relation to his allegedly incriminatory statements. Accordingly, without a factual finding regarding when the defendant made the statements in question, we cannot determine whether the defendant's constitutional rights were violated. Consequently, the record is inadequate for review and the defendant has failed the first prong of *Golding*.[4]

## II

The defendant also claims that he could not have waived his *Miranda* rights voluntarily, knowingly, and intelligently because at the time that he signed the waiver he was under the effects of PCP. Having already determined that the record is inadequate to determine when, in relation to his statements to Poma and the call to Kasandra Rivera, the defendant signed the waiver of his rights, we similarly have no factual findings regarding the voluntariness of the waiver. If the defendant's statements were made after a waiver, then the issue of whether he was capable of knowingly, voluntarily, and intelligently waiving his rights would be germane.[5] The trial court did not address the issue and made no findings. In the absence of a sufficient record, we do not reach the unpreserved issue.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] General Statutes (Rev. to 2011) § 53a-54b was amended by No. 12-5, § 1, of the 2012 Public Acts to substitute "murder with special circumstances"

for "capital felony." Hereinafter, all references are to the 2011 revision of that statute unless otherwise indicated.

[2] See *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989); see also *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015) (modifying third prong of *Golding*).

[4] The state has suggested that the defendant deliberately chose not to contest the admissibility of his statements, because they provided a factual basis for a self-defense claim without his having to testify. We have no facts found as to this assertion, however, and do not reach it.

[5] See *State* v. *Cushard*, 164 Conn. App. 832, 838, 137 A.3d 926 ("To be valid, a waiver must be voluntary, knowing and intelligent. . . . The state has the burden of proving by a preponderance of the evidence that the defendant voluntarily, knowingly and intelligently waived his *Miranda* rights." [Internal quotation marks omitted.]), cert. granted on other grounds, 321 Conn. 926, 138 A.3d 286 (2016).