******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JOSE MEDINA *v.* COMMISSIONER OF CORRECTION
## (AC 47905)

Suarez, Wilson and Bishop, Js.

*Syllabus*

The petitioner, who previously had been convicted of capital felony and conspiracy to commit murder, appealed following the denial of his petition for certification to appeal from the habeas court's judgment denying his habeas petition. He claimed, inter alia, that the court improperly analyzed his right to autonomy claim under the auspices of *Strickland* v. *Washington* (466 U.S. 668), rather than under *McCoy* v. *Louisiana* (584 U.S. 414). *Held*:

The habeas court did not abuse its discretion in denying the petition for certification to appeal, as the petitioner failed to demonstrate that his claim involved issues that were debatable among jurists of reason, that a court could have resolved the issues in a different manner, or that the questions were adequate to deserve encouragement to proceed further.

The petitioner's assertion that the habeas court improperly analyzed his alleged violation of autonomy claim under *Strickland*, rather than under *McCoy*, was unavailing, as the court found, based on its unassailable credibility determinations, that the petitioner did not make the necessary unequivocal demand that his defense counsel not pursue a defense of self-defense at his criminal trial, which demand was required for any freestanding *McCoy* claim to be successful.

Argued March 23—officially released June 16, 2026

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Bhatt*, *J.*; judgment dismissing in part and denying in part the petition; thereafter, the court, *Bhatt*, *J.*, denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Samantha Conway*, assigned counsel, for the appellant (petitioner).

*Rebecca R. Zeuschner*, deputy assistant state's attorney, with whom, on the brief, were *Sharmese L. Walcott*,

state's attorney, and *Angela Macchiarulo*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

BISHOP, J. The petitioner, Jose Medina, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his second amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal and improperly analyzed his right to autonomy claim under the auspices of *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), rather than *McCoy* v. *Louisiana*, 584 U.S. 414, 426–27, 138 S. Ct. 1500, 200 L. Ed. 2d 821 (2018). We conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal and, accordingly, dismiss the appeal.

This court previously set forth the facts and procedural history of the petitioner's underlying criminal trial in his direct appeal. "At approximately 4 a.m. on January 1, 2011, the [petitioner] and his friend, Angel Rivera, were traveling in a black Lexus and engaged in a pursuit of a red Ford Expedition driven by Luis Rivera, one of the victims, with Lionel Roldan, the other victim, as a passenger in that vehicle. As Angel Rivera and the [petitioner] chased the Expedition, the [petitioner] shot at its occupants. The chase ended when Luis Rivera lost control of the Expedition on Francis Avenue in Hartford and the vehicle became lodged in a snowbank. The [petitioner] then exited the Lexus and shot at the victims from the passenger's side of the Expedition. Angel Rivera also exited the Lexus and proceeded to the Expedition, where he and the [petitioner] repeatedly punched Roldan. The [petitioner] and Angel Rivera drove away in the Lexus, but they returned to the scene shortly thereafter. After removing Roldan from the passenger seat, the [petitioner] entered the Expedition and drove away. Angel

Rivera departed, driving the Lexus. Both Roldan and Luis Rivera died of gunshot wounds.

"Later that day, the [petitioner] visited Kasandra Rivera, and they argued, prompting her to call 911 to report a domestic disturbance. Responding police pursued the [petitioner] in a car chase around Hartford, East Hartford, and West Hartford. The chase ended in a shopping plaza in West Hartford after the [petitioner's] vehicle caught fire and [the] police then flattened his tires using stopsticks. After [the] police apprehended the [petitioner], they arrested him on narcotics, traffic, and domestic disturbance offenses, and transported him to the major crimes division of the Hartford Police Department.

"The [petitioner] arrived at the major crimes division around 4:55 p.m. and signed a form waiving his *Miranda* rights[1] at 6:35 p.m. Between the time he arrived at the major crimes division and the time he was book[ed], several detectives interviewed him, including Detective Luis Poma. At some point in the evening, the [petitioner] asked to speak with Kasandra Rivera and a detective facilitated that call. With [the] police present, the [petitioner] spoke with Kasandra Rivera on a detective's desk phone and admitted that he had shot the victims. The time of his *Miranda* waiver relative to the time of his statements to Poma and Kasandra Rivera is unclear from the record.

"On March 12, 2014, in a long form information, the state charged the [petitioner] with capital felony in violation of [General Statutes (Rev. to 2011)] §§ 53a-54b (7) and 53a-8 (a), two counts of murder in violation of [General Statutes] §§ 53a-54a (a) and 53a-8 (a), and conspiracy to commit murder in violation of [General Statutes] §§ 53a-48 (a) and 53a-54a (a). Following a trial, the jury found the [petitioner] guilty on all charges. The court imposed a sentence of life without the possibility of

---

[1] See *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); see also *State* v. *Johnson*, 354 Conn. 96, 110, 349 A.3d 260 (2026) (setting forth list of specific *Miranda* rights).

release for capital felony, sixty years each for the murder counts, and ten years for conspiracy to commit murder, consecutive to the capital felony sentence. In accord with existing precedent, however, the court vacated the murder convictions." (Footnote added; internal quotation marks omitted.) *State* v. *Medina*, 170 Conn. App. 609, 610–12, 155 A.3d 285, cert. denied, 325 Conn. 914, 159 A.3d 231 (2017). Following his conviction and sentencing, this court affirmed the judgment of the trial court on direct appeal. Id., 614.

In 2015, the petitioner, acting as a self-represented party, commenced the present action and filed a petition for a writ of habeas corpus. After he was appointed counsel, he filed the operative petition, specifically, the second amended petition, dated August 9, 2023. In count one, he claimed a violation of his constitutional rights due to prosecutorial impropriety during closing argument of his criminal trial.[2] In count two, he alleged ineffective assistance of his trial counsel, Attorneys John L. Stawicki and Robert J. Meredith.[3] As to the latter, the petitioner alleged that his trial counsel were ineffective by (1) failing to object to the prosecutor's purportedly improper statements made during closing argument, (2) failing to cross-examine one of the state's witnesses, and (3) violating his right to autonomy under the sixth amendment to the United States constitution in deciding what defense to employ at trial.[4]

The petitioner's claims were tried before the habeas court, *Bhatt, J.*, on May 16, 2024. The habeas court

[2]In this appeal, the petitioner has not challenged the denial of his habeas petition with respect to his claim of prosecutorial impropriety.

[3]See *Antonio A.* v. *Commissioner of Correction*, 205 Conn. App. 46, 86, 256 A.3d 684 (noting that separate and distinct causes of action should be asserted in separate counts pursuant to Practice Book § 10-26), cert. denied, 339 Conn. 909, 261 A.3d 744 (2021); *Coleman* v. *Commissioner of Correction*, 137 Conn. App. 51, 57, 46 A.3d 1050 (2012) (same).

[4]"Our Supreme Court has explained that, [i]n *McCoy*, the United States Supreme Court recognized a criminal defendant's sixth amendment right to autonomy in deciding the objectives of his defense and concluded that the right prohibits defense counsel from admit[ting] a client's guilt of a charged crime over the client's intransigent objection

heard testimony from Stawicki, Meredith, and the petitioner, among others. Additionally, the habeas court admitted several documents into evidence, primarily the transcripts from the criminal trial. At the habeas trial, the petitioner testified that he "wanted to go with [an] innocen[ce]" defense and did not want to use the defense of self-defense, as favored by his trial counsel.[5]

On June 12, 2024, the habeas court issued a memorandum of decision denying the petition for a writ of

to that admission. . . . When a client expressly asserts that the objective of his defense is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt. . . . [T]he sixth amendment right to autonomy is implicated only when, over a defendant's express objections, counsel concedes the defendant's guilt to a charged offense. This limitation on the right to autonomy is evident throughout the [United States Supreme] [C]ourt's decision [in *McCoy*] but especially in the court's restatement of the issue presented: whether it is unconstitutional to allow defense counsel to concede guilt over the defendant's intransigent and unambiguous objection." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, 238 Conn. App. 610, 618, A.3d (2026).

Our Supreme Court further stated that, although the role of counsel entails making trial management and strategic decisions, other decisions are reserved for the client. *Grant* v. *Commissioner of Correction*, 345 Conn. 683, 696, 287 A.3d 124 (2022). The latter category includes "whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal. . . . Autonomy to decide that the objective of the defense is to assert innocence belongs in this . . . category. . . . These are not strategic choices about how best to achieve a client's objectives; they are choices about what the client's objectives in fact are." (Emphasis omitted; internal quotation marks omitted.) Id.; see also *Gibbs* v. *Commissioner of Correction*, 239 Conn. App. 512, 518 n.4, A.3d (2026).

[5]Our Supreme Court has noted that, "[i]n Connecticut, it is well settled that self-defense is justification for engaging in otherwise criminal conduct. . . . We have explained that [j]ustified conduct is subject to neither condemnation nor punishment because it does not, under the circumstances, violate the prohibition of the law, and indeed may be desired and encouraged . . . . Thus, conduct that is found to be justified is, under the circumstances, not criminal. . . .

"Pursuant to General Statutes § 53a-19 (a), a person is justified in using deadly physical force to defend himself . . . against an imminent use of physical force by a third person only if the actor reasonably believes that such other person is (1) using or about to use deadly physical force, or (2) inflicting or about to inflict great bodily harm." (Citations omitted;

habeas corpus. The habeas court concluded that the petitioner's prosecutorial impropriety claim was procedurally defaulted. It also determined that the petitioner failed to establish deficient performance with respect to all three of his allegations of ineffective assistance of trial counsel. As to the claim that trial counsel violated his right to autonomy, the habeas court stated: "It is important to note that this is raised as a claim of ineffective assistance of counsel, not an independent claim of a sixth amendment violation. Thus, the court will analyze this claim through the familiar *Strickland* prism. There is no credible evidence that [the petitioner] made an unequivocal demand that counsel pursue the theory that he did not shoot the victims and he was innocent. The evidence establishes that counsel discussed the defense of self-defense with [the petitioner] and at no time did [the petitioner] object to that theory. [The petitioner] testified that counsel told him that the best defense based on the evidence was self-defense. Both counsel also credibly testified that, when viewing the evidence in its entirety, there was no credible or reliable basis upon which to base a defense of innocence. There is no deficient performance. Furthermore, [the petitioner] has not proven a reasonable likelihood of a different outcome based on the overwhelming nature of the state's case against him." Ultimately, the habeas court concluded that the petitioner failed to prove his claim that his trial counsel had performed deficiently or that he had suffered prejudice. Accordingly, it denied the petitioner's petition for a writ of habeas corpus with respect to that claim. The habeas court subsequently denied the petition for certification to appeal.[6] Additional facts and procedural history will be set forth as necessary.

## I

On appeal, the petitioner first claims that the habeas court abused its discretion in denying his petition for certification to appeal. We disagree.

footnotes omitted; internal quotation marks omitted.) *State* v. *Baez*, 354 Conn. 564, 569, 354 A.3d 698 (2026).

[6]General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [a] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . *Crespo* v. *Commissioner of Correction*, 292 Conn. 804, 811, 975 A.2d 42 (2009); see also *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994) (adopting factors identified by United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as appropriate standard for determining whether habeas court abused its discretion in denying certification to appeal).

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification." (Internal quotation marks omitted.) *Anwar S.* v. *Commissioner of Correction*, 237

person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies." See also *Owen* v. *Commissioner of Correction*, 234 Conn. App. 481, 488–89, 344 A.3d 158, cert. denied, 353 Conn. 923, 345 A.3d 812 (2025).

Conn. App. 144, 157–58, 351 A.3d 819 (2026); see also *Bobe* v. *Commissioner of Correction*, 237 Conn. App. 172, 177–78, 351 A.3d 414, cert. denied, 354 Conn. 922, 353 A.3d 842 (2026).

For the reasons set forth in part II of this opinion, we conclude that the petitioner has failed to demonstrate that (1) his claim involves issues that are debatable among jurists of reason, (2) a court could resolve the issues in a different manner, or (3) the questions are adequate to deserve encouragement to proceed further. Accordingly, we conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal and, therefore, dismiss the appeal. See, e.*g.*, *Canady* v. *Commissioner of Correction*, 231 Conn. App. 603, 610–11, 333 A.3d 797, cert. denied, 352 Conn. 901, 334 A.3d 1006 (2025).

II

We now turn to the petitioner's claim that the habeas court improperly analyzed his right to autonomy claim under *Strickland* v. *Washington*, supra, 466 U.S. 668, rather than *McCoy* v. *Louisiana*, supra, 584 U.S. 414. Specifically, the petitioner argues that he pleaded a freestanding autonomy claim pursuant to *McCoy* and that the habeas court improperly considered it under the familiar two-pronged test of *Strickland*.[7] We are not persuaded.

The following additional facts are necessary for the resolution of this claim. The petitioner labeled count two

---

[7]The sixth amendment to the United States constitution guarantees a criminal defendant the right to effective assistance of counsel. *Skakel* v. *Commissioner of Correction*, 329 Conn. 1, 29, 188 A.3d 1 (2018), cert. denied, 586 U.S. 1068, 139 S. Ct. 788, 202 L. Ed. 2d 569 (2019). "To determine whether a defendant is entitled to a new trial due to a breakdown in the adversarial process caused by counsel's inadequate representation, we apply the familiar two part test adopted by the court in *Strickland*. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires [a] showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the

of his second amended petition as sounding in ineffective assistance of counsel as to Stawicki and Meredith. Paragraph 33 of that count sets forth three ways in which the petitioner alleges that his trial counsel were ineffective. Only the final allegation is relevant to this appeal. Specifically, subparagraph C of paragraph 33 provides in relevant part: "The petitioner claims trial counsel [were] ineffective for . . . [v]iolating the petitioner's sixth amendment right to autonomy. The petitioner asserts he retained the power over fundamental choices during the criminal trial, pursuant to the sixth amendment [to] the [United States] constitution. This provides him with a protected right to autonomy, which includes the right to choose which defense to employ at trial. According to *McCoy* v. *Louisiana*, [supra, 584 U.S. 427], the prejudice prong need not been shown."

In paragraph 34 of count two of the petitioner's second amended petition, the petitioner alleged that he had suffered prejudice as a result of the claimed deficient performance. Paragraph 35 of count two alleged: "Accordingly, the petitioner was denied the effective assistance of trial counsel in violation of the sixth and fourteenth amendment[s] [to] the United States constitution and article first, § 8, of the Connecticut constitution." In its return, the respondent, the Commissioner of Correction, denied the allegation set forth in subparagraph 33 C of the operative habeas petition and left the petitioner to his proof as to paragraphs 34 and 35.

The habeas court's memorandum of decision set forth, in different sections, the relevant legal principles with

defendant by the [s]ixth [a]mendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires [a] showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable . . . . The sixth amendment, therefore, does not guarantee perfect representation, only a reasonably competent attorney. . . . Representation is constitutionally ineffective only if it so undermined the proper functioning of the adversarial process that the defendant was denied a fair trial." (Citation omitted; internal quotation marks omitted.) Id., 30–31.

respect to the ineffective assistance of counsel claim raised pursuant to the two-pronged test of *Strickland* and the distinct claim pertaining to the sixth amendment right to autonomy as set forth in *McCoy*.[8] It concluded that the petitioner's allegations that his right to autonomy was violated were part of the ineffective assistance of counsel claim rather than constituting a freestanding *McCoy* claim. The habeas court specifically stated that it evaluated this contention "through the familiar *Strickland* prism."[9] It then explained that the petitioner had failed to establish either deficient performance by trial counsel or prejudice resulting therefrom.

On appeal, the petitioner claims that the habeas court erred in analyzing his claim of a violation of the right to autonomy under *Strickland* rather than as a freestanding *McCoy* claim.[10] He asserts that, in his second amended petition, he properly pleaded a *McCoy* claim. We conclude that the outcome of this claim is controlled by this court's recent decision in *White* v. *Commissioner of Correction*, 236 Conn. App. 67, 347 A.3d 214, cert. granted, 354 Conn. 901, 348 A.3d 813 (2026).[11]

In *White*, the petitioner was convicted of various criminal offenses following a home invasion and robbery. Id.,

---

[8]In its discussion, the habeas court noted that it previously had determined that *McCoy*, which was released in 2018, retroactively applied on collateral review. In his brief to this court, the respondent maintains the position that *McCoy* does not apply retroactively. Given our resolution of the present appeal, and consistent with the approach taken in other appeals, we leave the question of retroactivity for another day. See *Gibbs* v. *Commissioner of Correction*, 239 Conn. App. 512, 518 n.5, A.3d (2026).

[9]See *McCoy* v. *Louisiana*, supra, 584 U.S. 426 (in *McCoy* claim, because client's autonomy, rather than counsel's competence, is at issue, court does not apply ineffective assistance of counsel jurisprudence).

[10]"In habeas corpus proceedings, courts often describe constitutional claims that are not tethered to a petitioner's sixth amendment right to counsel as freestanding." (Internal quotation marks omitted.) *Saunders* v. *Commissioner of Correction*, 343 Conn. 1, 25–26, 272 A.3d 169 (2022).

[11]We note that our Supreme Court granted certification to appeal this court's decision in *White*, limited to the following issue: "Did the Appellate Court correctly conclude that the habeas court had not abused its discretion in excluding as irrelevant evidence that the firearm used

69. In his habeas appeal, the petitioner claimed that the habeas court improperly denied his claim, under *McCoy*, that his right to autonomy had been violated because, during his criminal trial, counsel allegedly had conceded the petitioner's guilt to conspiracy to commit burglary without his consent and contrary to his desire to maintain his innocence. Id., 76. The respondent countered that the petitioner had not pleaded a freestanding *McCoy* claim and that, even if he had done so, that claim effectively was considered and rejected by the habeas court. Id.

In its analysis, this court first observed that, in *Grant* v. *Commissioner of Correction*, 345 Conn. 683, 698–99 n.8, 287 A.3d 124 (2022), our Supreme Court "suggested that, if defense counsel fails to get a defendant's approval before conceding guilt to a charge, such failure properly is challenged via an ineffective assistance of counsel claim, not as a stand-alone *McCoy* violation." (Emphasis omitted.) *White* v. *Commissioner of Correction*, supra, 236 Conn. App. 82; see also *Coleman* v. *Commissioner of Correction*, 238 Conn. App. 610, 619 n.10,    A.3d    (2026). Next, this court considered whether the petitioner had preserved his freestanding *McCoy* claim for appellate review. *White* v. *Commissioner of Correction*, supra, 236 Conn. App. 83–84. The petitioner indicated that, even if he had not expressly pleaded a freestanding *McCoy* claim, "he did invoke *McCoy* by name as part of his claim of ineffective assistance of counsel and that such a reference was more than adequate to properly plead the *McCoy* claim . . . ." (Internal quotation marks omitted.) Id., 84.

This court in *White* then observed the fundamental rule that claims of error must be raised distinctly and decided in the habeas court before they are reviewed on appeal. Id. Citing to Practice Book § 60-5, it recited the reason for such a requirement: "[T]o permit a party to raise a claim on appeal that has not been raised at trial—after

during the commission of the underlying crimes was not a real gun?" (Internal quotation marks omitted.) *White* v. *Commissioner of Correction*, 354 Conn. 901, 348 A.3d 813 (2026).

it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Internal quotation marks omitted.) Id.

Next, the court addressed the law on habeas pleadings, specifically, the petition itself. "A petition for a writ of habeas corpus is in the nature of a pleading . . . . [T]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . [T]he [petition] must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the [petition] is insufficient to allow recovery. . . . *Anderson* v. *Commissioner of Correction*, 114 Conn. App. 778, 786, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488 (2009)." (Emphasis omitted; internal quotation marks omitted.) *White* v. *Commissioner of Correction*, supra, 236 Conn. App. 85; see also *Nelson* v. *Commissioner of Correction*, 326 Conn. 772, 780–81, 167 A.3d 952 (2017); *Leon* v. *Commissioner of Correction*, 189 Conn. App. 512, 527, 208 A.3d 296, cert. denied, 332 Conn. 909, 209 A.3d 1232 (2019).

This court then applied the foregoing legal principles to the facts of *White*. *White* v. *Commissioner of Correction*, supra, 236 Conn. App. 85. Count one of the operative petition in that case was "clearly . . . labeled as sounding in ineffective assistance of counsel." Id. Acknowledging that the petitioner had alleged that counsel violated the rule recognized in *McCoy*, this court explained that "*he does so not in the guise of pleading a freestanding constitutional claim but as one of several examples of allegedly deficient performance* by [his criminal trial counsel]. As our Supreme Court made clear in *Grant*, however, not every assertion or allegation that counsel improperly conceded a defendant's guilt implicates the

sixth amendment right to autonomy at issue in *McCoy*. *Rather, such claims are more properly analyzed under the Strickland ineffective assistance of counsel framework, which is precisely how the petitioner raised and pleaded his claim before the habeas court.* . . . We simply are not convinced that the petitioner pleaded a freestanding *McCoy* claim, and the habeas court certainly did not rule on such a claim." (Emphasis added; internal quotation marks omitted.) Id., 85–86.

Similarly, in the present case, the petitioner's second amended petition referred to *McCoy* within the context of his claim of ineffective assistance of counsel and was not pleaded in a separate count. See footnote 3 of this opinion. The petitioner set out three ways in which he alleged that Stawicki and Meredith rendered ineffective assistance, one of which was by violating his right to autonomy. As recognized in *Grant* v. *Commissioner of Correction*, supra, 345 Conn. 698–99, and *White* v. *Commissioner of Correction*, supra, 236 Conn. App. 85, not all assertions that counsel improperly conceded guilt fall under *McCoy*; some are more properly considered under *Strickland*, which is how the petitioner raised and pleaded his claim to the habeas court. After comparing the operative petition from the present case to the one in *White*, we are convinced of their similarity. We conclude, therefore, that the habeas court properly interpreted the petition in the present case and analyzed the petitioner's claim of a violation of his right to autonomy under *Strickland* rather than as a freestanding *McCoy* claim.

As a final matter, we are mindful of the reluctance expressed in *White* to decline to review *McCoy* violations, which are structural in nature,[12] solely on preservation grounds. *White* v. *Commissioner of Correction*, supra, 236 Conn. App. 86–87. In that case, we noted that, even if the habeas petition was considered to have included a freestanding *McCoy* claim, it would have failed given the record before this court. Id., 87. We explained that "[o]ur

[12]See *McCoy* v. *Louisiana*, supra, 584 U.S. 427 (violation of autonomy under sixth amendment is not subject to harmless error review).

Supreme Court in *Grant* indicated that courts *should strictly limit application of McCoy to those instances in which counsel has conceded a client's guilt in the face of a client's direct, clear, and unambiguous objection to counsel's so doing*, a factual scenario for which the evidence is lacking . . . ." (Emphasis added.) Id.

In the present case, the habeas court expressly found that "[t]here is no credible evidence that [the petitioner] made an unequivocal demand that counsel pursue the theory that he did not shoot the victims and he was innocent. The evidence establishes that counsel discussed the defense of self-defense with [the petitioner] and at no time did [the petitioner] object to that theory." Our appellate courts repeatedly have explained that "the sixth amendment right to autonomy is implicated only when, over a defendant's express objections, counsel concedes the defendant's guilt to a charged offense." *Grant* v. *Commissioner of Correction*, supra, 345 Conn. 698; see also *Gibbs* v. *Commissioner of Correction*, 239 Conn. App. 512, 523,    A.3d    (2026); *Coleman* v. *Commissioner of Correction*, supra, 238 Conn. App. 618; *Jan G.* v. *Commissioner of Correction*, 237 Conn. App. 115, 128, 350 A.3d 1156, cert. granted, 354 Conn. 930, 353 A.3d 848 (2026). Success for a *McCoy* claim requires a finding that an "intransigent and unambiguous objection" was made by a defendant. (Emphasis omitted; internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, supra, 692; see also *Coleman* v. *Commissioner of Correction*, supra, 618; *Jan G.* v. *Commissioner of Correction*, supra, 125. Given the finding of the habeas court, which was based on its unassailable credibility determinations,[13] that the petitioner did not make the necessary unequivocal demand that counsel not pursue a

[13]See *Walcott* v. *Commissioner of Correction*, 238 Conn. App. 545, 559–60,    A.3d    (2026); *Gusan* v. *Commissioner of Correction*, 231 Conn. App. 429, 457, 332 A.3d 959, cert. denied, 351 Conn. 931, 334 A.3d 483 (2025).

defense of self-defense, we conclude that a freestanding *McCoy* claim would be unsuccessful.

For these reasons, we conclude that the petitioner has failed to demonstrate that his claim that the habeas court improperly analyzed his alleged violation of autonomy under *Strickland* rather than under *McCoy* is debatable among jurists of reason, could be resolved by a court in a different manner, or serves encouragement to proceed further.

The appeal is dismissed.

In this opinion the other judges concurred.